No. 67,367

STATE OF KANSAS, *Appellee,* v. PETER SPENCER, *Appellant.*

(843 P.2d 236)

Opinion filed December 11, 1992.

*Thomas Jacquinot,* special appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*M. Jennifer Brunetti,* assistant district attorney, argued the cause, and *Gene M. Olander,* district attorney, and *Robert T. Stephan,* attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a sentencing case. We are required to interpret K.S.A. 22-3424(4) in resolving Peter Spencer's claim of error. Spencer argues that he is entitled to resentencing because he was not personally given the opportunity to offer evidence in mitigation of his punishment. Spencer is serving a life sentence for a first-degree felony-murder conviction. Our jurisdiction is under K.S.A. 1991 Supp. 22-3601(b)(1).

Our standard of review is harmless error. See *State v. Peltier,* 249 Kan. 415, 426, 819 P.2d 628 (1991). We hold that, although the trial judge did not follow proper 22-3424(4) procedure in sentencing Spencer, the error was harmless; consequently, we affirm.

## Facts

Sherryl Crowder's dead body was found by the police in the trunk of her car in September 1990. The autopsy indicated Sherryl's death was caused by two blows to her head. Spencer's fingerprints were found at the crime scene. Spencer was charged with first-degree murder, aggravated kidnapping, aggravated robbery or in the alternative robbery, and aggravated sexual battery.

Spencer pled nolo contendere to felony murder. The other charges were dismissed. The State also dismissed a second case, withdrew a show cause request filed in a third case, and declined to file an additional criminal complaint against Spencer involving an automobile.

After his plea, Spencer, through his counsel, requested the trial judge *to proceed with immediate sentencing*. The State did not object. Spencer had provided the trial court with a previous presentence investigation report and with portions of his juvenile court file. The trial court: (1) accepted the affidavit filed by the district attorney as the factual basis for the guilty plea, (2) granted Spencer's request for immediate sentencing, and (3) proceeded to sentence him.

The State requested that Spencer be sentenced to life imprisonment as required by statute. Spencer's counsel recognized that because the case involved homicide, probation was not a realistic alternative. Immediately prior to sentencing, the trial judge addressed Spencer as follows:

"THE COURT: Mr. Spencer, before I proceed to sentencing, are there any comments that you want to make to the Court?

"THE DEFENDANT: No.

"THE COURT: Very well. Is there any reason why the Court cannot now impose sentence?

"MR. WURTZ [Defense counsel]: We know of none.

"MR. HENDERSHOT [Prosecutor]: I know of none, Your Honor."

The trial judge then sentenced Spencer to imprisonment for life, indicating the rationale for the sentence and for the denial of probation:

"The Court has also reviewed your juvenile court file as well as the presentence investigation in case number 89-CR-2687, and it shows I think some things that are in your favor, but it also shows some things in your disfavor. And certainly one of the things in your disfavor is something that

would argue strongly against any kind of recommendation for probation and that would be from August of '85 to the current date a rather consistent pattern of serious behavior. Behavior that the Court cannot look the other way. A case that only months ago you were placed on three years supervised probation. It was indicated that you were a minimal candidate at a time [the previous sentencing] and then only a few months later we end up with someone who died at your hands. And the Court feels very strongly, as everyone suggested, that probation would be entirely out of the question in this case and the Court wouldn't consider that for a moment. The Court is satisfied that the only appropriate recommendation it can find and it will be the order of the Court that you are to be placed with the Secretary of Corrections for a prison sentence to be life imposed."

### K.S.A. 22-3424(4)—The Failure Of The Trial Judge To Ask Spencer If He Wished To Present Any Evidence In Mitigation Of Punishment

K.S.A. 22-3424(4) states in part:

"Before imposing sentence the court *shall* afford counsel an opportunity to speak on behalf of the defendant and shall *address the defendant personally and ask [the defendant] if [the defendant] wishes* to make a statement on [the defendant's] own behalf *and to present any evidence in mitigation of punishment*." (Emphasis added.)

K.S.A. 22-3424(4) codifies the defendant's right to present evidence in mitigation of punishment. (A detailed history of the right to allocution and of the relationship between K.S.A. 22-3422, the traditional allocution statute, and 22-3424(4) appears in *State v. Webb*, 242 Kan. 519, 522-28, 748 P.2d 875 [1988].)

In *State v. Heide*, 249 Kan. 723, 822 P.2d 59 (1991), we addressed the issue of failure to accord a defendant the right to allocution (to make a statement on his own behalf and to present evidence in mitigation of punishment before imposition of sentence). The sentence in *Heide* was imposed following a guilty plea. Heide did not have an opportunity to offer evidence in mitigation of the sentence until after the sentence was imposed. 249 Kan. at 730. Prior to sentencing, the trial judge asked Heide "if he had any legal reason why judgment, order, and sentence should not be imposed." 249 Kan. at 726. Heide responded in the negative. 249 Kan. at 726. We considered whether the trial court's "legal reason" question satisfied Heide's 22-3424(4) right to make a statement in his own behalf. We interpreted 22-3424(4) strictly and held that the statutory requirement must be followed

before a sentence is imposed. 249 Kan. at 731. "Before imposing sentence, K.S.A. 22-3424(4) unambiguously requires the court to address the defendant personally and ask if the defendant wishes to make a statement and present evidence in mitigation of punishment." 249 Kan. at 730.

In *State v. Webb*, 242 Kan. 519, we considered the failure of the trial judge to personally ask Webb whether he had anything to say in his behalf before a sentence was imposed. We held that although the right of allocution is not waived by a defendant's silence or by argument of counsel, Webb's failure to raise the issue in his motion to modify the sentence constituted a waiver of his right to allocution. 242 Kan. at 529.

Spencer recognizes the existence of the *Webb* rule; however, he reasons that the rule should be overruled or modified.

Spencer asserts that current law is inconsistent and unfair. According to Spencer, if counsel once neglects to pursue a client's right to allocution (at sentencing), there is no waiver; however, if counsel twice neglects to pursue the right (at sentencing and at a sentence modification hearing), the client suffers the effect of the *Webb* waiver rule.

Spencer reasons that the unfairness of the waiver rule is exposed by the factual differences between *Webb* and the case at bar. Unlike Webb, Spencer received no hearing on the motion to modify. See *Webb*, 242 Kan. at 521-522. Spencer's modification request was dealt with by a routine motion and order. Spencer argues that *Webb* should be limited to its facts, *i.e.*, situations where there is an actual hearing on the motion to modify. We agree.

Spencer argues that the general inquiry by the trial judge asking for comments did not satisfy the statutory requirements. A general opportunity to comment is not the same as the 22-3424(4) requirement of personally asking if a defendant wishes to make a statement on his or her own behalf and present evidence in mitigation of punishment.

The State attempts to distinguish *Heide* based upon both the difference in the severity of the crimes to which Heide pled guilty and the classification of the felonies charged. The State also emphasizes differences between *Heide* and the case at bar based upon the factual nature of the sentencing process, *i.e.*, the

time, place, and request for sentencing. Heide requested the sentencing date be set for 60 days from the date of his plea, rather than the court's typical 30 days. Heide's counsel explained that additional time was needed for Heide to be examined by a psychiatrist. (Counsel indicated that he intended to call two additional experts who had been treating Heide.) 249 Kan. at 724.

Spencer not only provided reports at the time the court accepted his plea, but also requested immediate sentencing. According to the State, Spencer thereby exercised his right to present evidence in mitigation of punishment.

Neither the severity of a crime nor the fact Spencer wished to proceed immediately with sentencing supplies a basis for judicially altering a statutory sentencing requirement. A presentence investigation report provided by defense counsel should not be substituted for a defendant's response on his or her behalf to the statutorily mandated bench inquiry.

The State argues that any 22-3424(4) procedural sentencing error that may have occurred was harmless. "Errors that do not affirmatively cause prejudice to the substantial rights of a complaining party do not require reversal when substantial justice has been done." *State v. Peltier,* 249 Kan. 415, 426, 819 P.2d 628 (1991).

The State suggests that granting Spencer's resentencing request would be an exercise in futility. According to the State: (1) K.S.A. 21-4501 contemplates only life imprisonment for an A felony and (2) the sentencing transcript and Spencer's brief do not indicate any additional evidence that would have mitigated his punishment for first-degree murder other than the evidence presented by his experienced trial counsel.

In our view, the failure of the trial judge to afford Spencer his 22-3424(4) statutory right to offer evidence in mitigation of punishment, although error, was harmless. Spencer was found guilty of a class A felony. K.S.A. 21-4501, the penalty statute, did not provide the trial judge with any sentence flexibility:

"For the purpose of sentencing, the following classes of felonies and terms of imprisonment authorized for each class are established:
    "(a) Class A, the sentence for which shall be imprisonment for life."

Additionally, the record shows that the trial judge considered and rejected the only available sentencing alternative—probation.

(Spencer was on probation at the time he committed Sherryl Crowder's murder.) The trial judge commented: "[T]he Court feels very strongly, as everyone suggested, that probation would be entirely out of the question in this case and the Court wouldn't consider that for a moment."

The requirements of 22-3424(4) are not ambiguous. See *Heide*, 249 Kan. at 730. The reasoning in *Heide* is affirmed.

The *Webb* waiver rule does not control because a modification hearing did not occur in the case at bar. We limit the *Webb* waiver rule to the facts of that case, in which an actual hearing was held on the motion to modify sentence. Although we find error in the trial court's sentencing procedure, we do not remand for resentencing because under the facts of Spencer's case the error is harmless.

Affirmed.