No. 69,712

STATE OF KANSAS, *Appellee*, v. ROBERT D. JOHNSON, *Appellant.*
(872 P.2d 247)

Opinion filed April 15, 1994.

*Julie A. Gorenc*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*Thomas P. Alongi*, assistant county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The defendant, Robert D. Johnson, appeals from his sentence of 15 years to life imposed following his *Alford* plea to aggravated criminal sodomy in violation of K.S.A. 21-3506(b). A plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct 160 (1970), is a plea of guilty to the charge without admitting to the commission of the offense. He contends that he was provided no opportunity by the court to speak before sentence was imposed; that he requested but was sentenced without the benefit of a mental health evaluation; and that the court failed to consider his individual characteristics, circumstances, and needs in sentencing him to a maximum sentence of 15 years to life. Finding no reversible error, we affirm.

The defendant initially was charged with two counts of aggravated criminal sodomy, two counts of attempted aggravated criminal sodomy, one count of indecent liberties with a child, and one count of aggravated indecent solicitation of a child. These charges arose out of events that occurred from July 1, 1991, through March 1, 1992, between the defendant and a nine-year-old boy. The defendant waived preliminary examination, was bound over for trial, and entered an *Alford* plea of guilty to Count 1, aggravated criminal sodomy. This was accomplished through plea negotiations and, pursuant to the plea agreement, the State dismissed all other counts and recommended a sentence of 12 years to life. The court imposed the maximum sentence of 15 years to life.

The defendant contends that the court failed to properly provide his right of allocution pursuant to K.S.A. 22-3422 and K.S.A. 1993 Supp. 22-3424(4). Each statute cited by the defendant addresses a separate concern and must be dealt with separately.

K.S.A. 22-3422 provides:

"When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, or the finding of the court and asked whether he has any legal cause to show why judgment should not be rendered. If none is shown the court shall pronounce judgment against the defendant."

The defendant contends that the record of sentencing in the instant case indicates that no such inquiry was made by the trial

court. The record does establish that at the plea hearing the court personally addressed the defendant and asked, "Do you know of any reason why I should not accept your plea, sir?" The defendant replied, "No, sir." With this record, the provisions of K.S.A. 22-4322 have been satisfied. This procedure need not be repeated at the time of sentencing. The sentencing proceedings are controlled by K.S.A. 1993 Supp. 22-3424(4).

K..S.A. 1993 Supp. 22-3424(4) provides:

"Before imposing sentence the court shall: . . .(b) afford counsel an opportunity to speak on behalf of the defendant . . . and (d) address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf and to present any evidence in mitigation of punishment."

In the sentencing hearing in this case, the court heard arguments of counsel, considered each of the K.S.A. 1993 Supp. 21-4606 factors and, without personally addressing the defendant, concluded: "[T]he Court imposes the sentence of not less than fifteen years nor more than life and that is the only sentence which this Court determines is appropriate under the circumstances." The State's counsel said later in the hearing:

"I don't know if it's my part to bring this up, upon the issue of allocution; I understand the defendant chose not to speak to court services, during the interview. I understand, also, today he's choosing not to speak to the Court. I want the record—"

The court replied: "I did forget to address him. I'm sorry. Does he have anything which he would want to—to say?" The defendant thereafter made a statement, essentially denying that the acts giving rise to the charges ever occurred. The court then told the defendant:

"[W]hat you have just stated does not mitigate the circumstances or the findings which I made earlier.

"I wish that I had asked you prior to my making the findings, so that you would understand that everything that you have told me does not go to mitigation, because you cannot now tell me that it did not happen and expect this Court to turn you loose or place you on probation or say that it didn't happen, when you have appeared in front of me and entered a plea of guilty.

. . . .

". . . I will maintain the previous findings which I made . . . ."

The trial court did not comply with the provisions of K.S.A. 1993 Supp. 22-3424(4) because before imposing sentence the court did not personally address the defendant and ask him if he wished to make a statement on his own behalf and present any evidence in mitigation of punishment. The question is not whether the court complied with 22-3424(4) but the effect of the court's noncompliance under the facts of this case.

The law in this area is settled by the following three cases: *State v. Webb*, 242 Kan. 519, 748 P. 2d 875 (1988); *State v. Heide*, 249 Kan. 723, 822 P. 2d 59 (1991); and *State v. Spencer*, 252 Kan. 186, 843 P.2d 236 (1992). These cases together provide a clear statement of Kansas law on the subject of allocution. Of particular interest is *Webb*, which traces the history from early English common law to our present time of a defendant's right to address the court before acceptance of the verdict and before sentence.

In *Webb*, we held that 22-3424(4) establishes in the defendant a right to allocution. This right is not waived by the defendant's silence or by argument of counsel. A defendant waives the right to allocution, however, when he or she moves to modify the sentence and fails to raise the issue of denial of allocution. *Webb*, 242 Kan. 519, Syl. ¶ 1. In the case now before us, the defendant moved to modify his sentence, but did not raise the issue of denial of allocution.

We recently had an opportunity to address this issue again in *State v. Spencer*, where Spencer contended that application of *Webb* was unfair when there was no actual hearing on the motion to modify:

"Spencer reasons that the unfairness of the waiver rule is exposed by the factual differences between *Webb* and the case at bar. Unlike Webb, Spencer received no hearing on the motion to modify. See *Webb*, 242 Kan. at 521-22. Spencer's modification request was dealt with by a routine motion and order. Spencer argues that *Webb* should be limited to its facts, *i.e.*, situations where there is an actual hearing on the motion to modify. We agree." 252 Kan. at 189.

Under the current state of Kansas law, applying both *Webb* and *Spencer*, we hold that Johnson waived his rights under 22-

3424(4). The defendant moved to modify his sentence, and the court held a hearing on the defendant's motion to modify. Both the State's counsel and the defendant's counsel appeared and addressed the court. Defense counsel did not raise in the written motion or oral argument to the court the denial of the defendant's rights under 22-3424(4).

The defendant next claims that the trial court erred by not ordering a mental health evaluation as part of the presentence investigation (PSI) as requested by defense counsel.

After the court pronounced judgment, the State's counsel requested a PSI, stating that he did not know if the court needed a psychological evaluation because a competency evaluation had been done. Defense counsel requested a mental health evaluation. The court replied: "Well, Counsel, I'd like to have that, but I'm not sure it's available to me at this time. I will check with court services and see if that is available, but I will definitely ask for a court services report. If possible I will amend that to allow for your request, but at the moment I don't feel that I can do so." The defendant now argues on appeal that the trial court's failure to order a mental health evaluation requires that this court vacate the sentence and remand for resentencing.

The State contends that the court did not definitively deny the defendant's request and that the defendant ought to be barred from complaining now because he did not pursue the matter with the trial court. Defense counsel clearly requested the evaluation on the record. Our understanding of the court's response is that the court denied the defendant's request. The court certainly effectively denied the request because it did not order the requested evaluation.

The State also contends that the court ultimately received the SRDC report, which included a psychological evaluation. That report, however, is dated January 5, 1993, well after the November 19, 1992, sentencing hearing. Although the SRDC report was available to the court at the hearing on the motion to modify, it was not available to the court at the sentencing hearing. Thus, the court had only a PSI report at the time of sentencing; it did not have a complete psychological evaluation.

We find no statute or case law that requires a trial court to order a mental health evaluation before sentencing. K.S.A. 1993 Supp. 21-4603 permits a court to order a complete psychological evaluation but does not require a court to do so. Accordingly, whether to order a mental health evaluation is a matter left to the trial court's discretion, and we will not find reversible error unless the trial court abused that discretion. "When determining whether a trial court abused its discretion, the test on appeal is whether no reasonable person would agree with the trial court. If any reasonable person would take the view adopted by the trial court, the decision must be upheld." *State v. Moon,* 15 Kan. App. 2d 4, 10-11, 801 P.2d 59 (1990), *rev. denied* 248 Kan. 998 (1991).

The defendant presents no facts that would support the conclusion that no reasonable person would agree with the trial court's decision to deny his request for a mental health evaluation. The court ordered a competency evaluation before trial, and the defendant was found competent to stand trial. Although a competency evaluation is not the equivalent of a complete mental health examination, the court had some indication of the defendant's mental health. The defendant made no contention during the preliminary examination or plea hearing that he was suffering from any mental illness; rather the defendant represented to the court that he read and understood the plea agreement and waiver of rights and entered into the agreement because it was beneficial to him. The trial court did not abuse its discretion in denying the defendant's request for a mental health evaluation.

Even if the trial court had erred in denying the defendant's request for a psychological evaluation, the error would be harmless on the facts of this case. The court had available the SRDC report at the hearing on the motion to modify. See *State v. Tillman,* 18 Kan. App. 2d 556, 858 P.2d 1219 (1993). That report included a psychological evaluation. Accordingly, the court had an opportunity to modify the defendant's sentence if the psychological evaluation provided any reason for modification. Moreover, the defendant did not rely on any aspect of the psychological evaluation to support his request for modification of sentence.

The defendant's last claim of error is that the trial court abused its discretion in sentencing him because the court failed to consider K.S.A. 21-4601. K.S.A. 21-4601 provides:

"This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated i custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

Although a court need not expressly consider the 21-4601 objectives on the record,

"[w]here it is shown the district court failed completely to follow the policy set forth in K.S.A. 21-4601 in sentencing a defendant, the court has abused its discretion and the sentence imposed must be set aside and the case remanded for the purpose of resentencing in accordance with the proper statutory procedure." *State v. Fisher*, 249 Kan. 649, Syl. ¶ 2, 822 P.2d 602 (1991).

The trial court here did not fail to follow the policies of K.S.A. 21-4601 in sentencing the defendant. The defendant was in his late thirties at the time of the offense. He pled guilty to aggravated criminal sodomy of a nine-year-old boy. According to the PSI report, the defendant previously had been convicted of raping a 10-year-old girl. The PSI report and the defendant's comments at the sentencing hearing indicated that he had no remorse for his conduct and, indeed, accepted no responsibility for it. At the sentencing hearing, the court found that the defendant had not learned from his prior mistakes because he repeated those mistakes. The court found that the defendant was a danger to others and that "children nine and ten years old should be protected from such activities and be protected from such crimes." Imposing the maximum sentence after making these findings is consistent with the directives of 21-4601.

If a sentence is within statutory limits, it will not be disturbed on appeal absent abuse of discretion or a showing that the sentence was the result of partiality, prejudice, or corrupt motive. *Fisher*, 249 Kan. at 651. When a reviewing court determines that

no reasonable person would agree with the trial court's decision, then an abuse of discretion will be found. *State v. Griffin*, 246 Kan. 320, 787 P.2d 701 (1990). The record does not support the claimed abuse of discretion in sentencing.

Affirmed.