No. 73,741

STATE OF KANSAS, *Appellee*, v. WILLIE J. BOWEN, *Appellant*.

(915 P.2d 120)

Opinion filed April 19, 1996.

*Benjamin C. Wood*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, were on the brief for appellant.

*Debra S. Peterson*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The defendant, Willie J. Bowen, appeals from the summary denial of his post-appeal motions to modify sentence.

Bowen was convicted and sentenced to life imprisonment for first-degree murder, and 5 to 20 years for aggravated battery, with the sentences to run consecutively. The trial court did not have any option other than to sentence Bowen to life for the first-degree murder conviction. The trial court did have an option to sentence the defendant to a range of 3 to 10 years or 5 to 20 years for the aggravated battery conviction and an option to run the sentences concurrently or consecutively.

Bowen filed a direct appeal of his conviction, which this court affirmed. *State v. Bowen*, 254 Kan. 618, 867 P.2d 1024 (1994). Bowen then filed a pro se motion to modify his sentence and requested that counsel be appointed to represent him. Some 5 months later, the trial court reappointed Bowen's trial counsel to represent Bowen in regard to his post-appeal motion. Two months later, Bowen filed a second pro se motion for sentence modification.

The trial court, without any appearances and without a formal hearing, denied Bowen's motions to modify his sentence. However, the order reflects that in denying these motions, the trial court considered the facts of the case, the Topeka Correctional Facility (TCF) report, the statutory factors, the severity of the defendant's crime, the needs of the defendant, and public safety. The order denying sentence modification was approved by Bowen's court-appointed counsel.

For the first time on appeal, the defendant contends that he was denied allocution at the time of sentencing. At the sentencing, the trial court asked the State whether it knew "of any reason why we should not proceed in sentencing the defendant at this time." The State responded in the negative.

The court then asked the defendant's counsel if she had anything to present on behalf of the defendant before the sentence was imposed. The defendant's counsel made a statement regarding the defendant's presentence investigation report, his prior criminal history, and his age. The defense counsel conceded that there was "no other sentence the Court [could] give except life imprisonment for first degree murder." The defense counsel asked that the court impose the sentences for each crime concurrently instead of consecutively. Further, the defense counsel stated, "My client has nothing—I don't think he wants to make a statement to the Court at this time."

The court then asked, "Mr. Bowen, do you have any statement you want to make?" The defendant responded in the negative. After hearing the State's argument, the court again asked the defense counsel whether she knew "of any reason why the Court

should not impose sentence at this time." Defense counsel responded in the negative.

However, during the sentencing hearing, *the court never directly asked the defendant if he wished to present any evidence in mitigation of punishment* pursuant to K.S.A. 22-3424(e)(4), which states:

"Before imposing sentence the court shall: . . . address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf *and to present any evidence in mitigation of punishment.*" (Emphasis added.)

Under K.S.A. 22-3424(e)(4), a defendant has an absolute right to allocution which is "not waived by the defendant's silence or by argument of counsel." *State v. Johnson,* 255 Kan. 156, 159, 872 P.2d 247 (1994). See *State v. Webb,* 242 Kan. 519, 748 P.2d 875 (1988) (giving a full historical analysis of allocution). A trial court violates K.S.A. 22-3424(e)(4) and denies the defendant the right to allocution if the court does not ask the defendant personally if he or she has any evidence to present in mitigation of punishment before the sentence is imposed. *State v. Hunt,* 257 Kan. 388, 405, 894 P.2d 178 (1995). The defendant correctly points out that the district court, when imposing the sentence, never asked him if he wished to present any evidence in mitigation of punishment. Thus, according to the defendant, he did not know that he could present evidence in mitigation of the punishment and was denied his absolute right to allocution. The defendant is correct. He was denied allocution.

The State contends, however, that a defendant waives the right to allocution if the defendant files a motion to modify which fails to raise the allocution issue or fails to plead with particularity the evidence the defendant would have presented at sentencing had allocution been provided. *State v. Duke,* 256 Kan. 703, 728, 887 P.2d 110 (1994); see *State v. Webb,* 242 Kan. at 529. The State points out that the defendant filed two pro se sentence modification motions and that the defendant did not allege in either motion that he was denied allocution. Further, the State points out that counsel was appointed to represent the defendant after he filed his

first pro se motion to modify, which included a request for counsel. Once appointed, this counsel did not file a new or amended sentence modification motion which raised the denial of allocution issue. Thus, according to the State, the defendant has waived the allocution issue.

In *State v. Borders*, 255 Kan. 871, 879 P.2d 620 (1994), the district court rescheduled the sentencing hearing. The defendant requested a sentencing continuance so that his family could attend the rescheduled sentencing hearing. The district court denied this request. At the sentencing, the district court asked the defendant if he wanted to address the court, but the district court did not ask the defendant if he had any evidence he would like to present in mitigation of his punishment. The defendant filed a motion to modify the sentence which challenged, *inter alia*, the district court's refusal to grant a sentencing continuance until the defendant's family could be available so that the defendant could present evidence in mitigation of punishment by calling his family to testify. Without a hearing, the district court denied the defendant's motion to modify the sentence. This court addressed whether the district court violated the defendant's right to allocution under K.S.A. 22-3424(e)(4).

The *Borders* court held that the " 'right to allocution is waived . . . when a defendant fails to raise the issue of denial of allocution in a motion to modify sentence.' " 255 Kan. at 877 (quoting *State v. Webb*, 242 Kan. 519, Syl. ¶ 1). Waiver of an allocution issue occurs even if the district court summarily denies the motion to modify without a hearing. 255 Kan. at 881-82 (concluding that the holding in *State v. Spencer*, 252 Kan. 186, 843 P.2d 236 [1992], was overly broad). *Spencer* held that the waiver of an allocution issue did not occur, even when the defendant failed to raise the issue in his sentence modification motion, if the district court denied the motion without a hearing. The *Borders* court stated:

"Whether a defendant is entitled to a hearing on a motion to modify sentence is discretionary with the trial court based upon the record before the court at the time. *State v. Pierce*, 246 Kan. 183, Syl. ¶ 1, 787 P.2d 1189 (1990). While it is true the court ruled on the motion to modify sentence without a hearing, the defendant has the duty to set forth in such a motion sufficient allegations and

facts that would justify a hearing. When the motion for modification is based upon assertions that the defendant was denied statutory rights to allocution, allegations to that effect must be set forth with particularity in the motion. Absent any such allegations in the pleading or motion, the defendant waives any issue as to the sufficiency of the allocution or compliance with K.S.A. 1992 Supp. 22-3424(4). The waiver rule recognized in *Webb* applies not only where there is an actual hearing but also when the court properly exercises its discretion and rules without a hearing based upon the record before it." 255 Kan. at 882-83.

Borders' motion to modify "contained no facts, assertions, or claims that the defendant's right to allocution had been denied or violated." 255 Kan. at 882. Borders based his motion for modification solely on the TCF report, which in fact did not contain support for sentence modification. Thus, this court found that the defendant's right to allocution had been waived and found no merit in the defendant's allocution argument on appeal. 255 Kan. at 883.

Under the *Borders* waiver analysis, the first step is to determine if the district court erred by refusing to grant a hearing on the defendant's motions to modify. In *State v. Jennings*, 240 Kan. 377, 379, 729 P.2d 454 (1986), this court found that the district court's summary dismissal of a motion to modify was appropriate because the court had based its dismissal on the presentence investigation report, the TCF report, and the transcript of the sentencing proceeding. The court held that a defendant does not have a right to a hearing on a sentence modification motion. Instead, a trial court has discretion to determine if a hearing is necessary to decide a motion to modify, based on the record before the court at the time, including the pleadings and the TCF report. If the motion does not contain new facts or allegations, then the trial court's decision not to have a hearing is justified. *State v. Pierce*, 246 Kan. 183, 187, 787 P.2d 1189 (1990).

Here, the defendant's second motion to modify requested a hearing on the matter so that the court could hear arguments for and against sentence modification. However, the defendant in this case does not have a right to a hearing on his motions to modify the sentence. The defendant's motions for sentence modification did not contain any new facts or allegations. The defendant did not satisfy his duty by setting forth sufficient allegations or facts in the

modification motion to justify a hearing. The district court summarily denied the defendant's sentence modification motion without a hearing by relying on the facts of the case; the court file; all the available reports, including the report compiled by the staff of the TCF; the case law; the statutes and annotations; the defendant's past experiences; the defendant's needs; the seriousness of crime; and the safety of the public. The trial court did not abuse its discretion by summarily denying the sentence modification motion without a hearing. Thus, the defendant's allocution issue is subject to waiver if he did not raise the issue in his motions to modify, even though the district court denied the motions without a hearing.

In this case, the defendant did not set forth with particularity in his modification motions any facts, assertions, or claims that his allocution rights had been denied or violated. In fact, neither of the defendant's pro se sentence modification motions raised denial of allocution as an issue at all. Since the defendant did not raise the denial of his allocution rights in either motion to modify and the district court properly exercised its discretion in ruling on the motions without a hearing, the defendant has waived any objection to the lack of allocution provided at his sentencing.

The defendant contends that the allocution issue should not be waived in this case for two reasons. First, according to the defendant, he did not have counsel when he filed his sentence modification motions, even though he requested the court to provide him with counsel. Second, the defendant points out that pro se pleadings are to be broadly construed. *Haines v. Kerner*, 404 U.S. 519, 520-21, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972). Thus, the defendant contends that his statement in the second sentence modification motion, indicating that he wished to present arguments to the court in a hearing, should be interpreted as raising the allocution issue. The defendant argues that this allocution issue should not be waived simply because he failed to directly raise the issue in his pro se motions to modify. According to the defendant, the district court was in error to summarily dismiss his motions to modify without raising the allocution issue *sua sponte* or at least appointing counsel to assist the defendant.

The defendant's arguments are meritless. From the record, it appears the defendant is mistaken as to when he was appointed counsel. It is true that the defendant did not have counsel when he filed his first pro se motion to modify on February 23, 1994. However, the defendant was appointed counsel to assist him in unspecified matters on July 20, 1994. Thus, when the defendant filed his second pro se motion for sentence modification on September 1, 1994, he was represented by counsel. The defendant's counsel did not file a new or amended modification motion which raised the allocution issue. Further, the defendant's counsel signed and approved the district court's order denying the defendant's motions to modify. Thus, the defendant's right to allocution is subject to waiver, just as the allocution right of all other defendants is waived if they do not raise the denial of allocution in their motions to modify. We do not hold or imply that a pro se motion to modify sentence, which fails to raise the allocution issue, waives the allocution issue. We simply hold that the defendant had counsel in this case and counsel did not raise the issue; thus, the issue is not before us.

However, in his second motion for modification, filed after counsel had been appointed to represent the defendant, the defendant alleges that his "court appointed counsel did not fulfill [her] obligation to Defendant by filing a Motion for Modification of Sentence, so Defendant therefore filed it Pro Se." As a pro se motion, the defendant contends that it should be broadly construed. Thus, the defendant contends that his statement in the sentence modification motion requesting the court "to set a hearing date so this matter can be heard and arguments presented . . . so that this court . . . will have a clear understanding of all the issues involved," should be interpreted by this court as raising the allocution issue.

It is true that pro se pleadings in a criminal case are held to a less stringent standard than are formal pleadings. *Haines v. Kerner*, 404 U.S. at 520-21. However, even under a less stringent standard, there is no indication in either motion that the defendant had any problem whatsoever with allocution. Nothing which the defendant states in the motions can be construed as an indication that the

defendant wished to present evidence in mitigation of punishment before the sentence was imposed. In both motions, the defendant merely explains that the motions were filed within the proper 120-day time period, requests the appointment of an attorney, and requests a hearing so that he can present arguments on the motion. Thus, the defendant has waived his denial of allocution challenge because he did not raise the issue in either motion to modify. The trial court properly denied the motions summarily without a hearing.

Not only is the allocution issue waived, the State contends that denial of allocution did not result in reversible error because the defendant did not suffer substantial prejudice. Failure to comply with K.S.A. 22-3424(e)(4) is "not reversible error unless prejudice to the substantial rights of the defendant is shown." *State v. Duke*, 256 Kan. at 728; see also *State v. Spencer*, 252 Kan. 186, Syl. ¶ 2 ("Errors that do not affirmatively cause prejudice to the substantial rights of a complaining party do not require reversal when substantial justice has been done.") Under *Duke*, this court has refused to find the denial of allocution to be a reversible error absent some proffer by the defendant that he or she actually had evidence to present in mitigation of punishment before the sentence was imposed. 256 Kan. at 728.

In *State v. Borders*, 255 Kan. 871, discussed earlier, the defendant filed a motion to modify the sentence because the judge did not continue the sentencing hearing until the defendant's family was available; thus, the defendant was not given a opportunity to present evidence in mitigation of punishment under 22-3424(e)(4). 255 Kan. at 873, 876, 880. However, the *Borders* court pointed out that the defendant had never indicated that he or his family actually had any evidence to present in mitigation of his punishment. 255 Kan. at 880. This court found that in order for a defendant to successfully challenge a denial of allocution based on the district court's failure to give the defendant an opportunity to present evidence in mitigation of punishment, the defendant must proffer the evidence which he or she would have presented had the defendant been given the opportunity. According to the *Borders* court, this evidence should be proffered in a manner comparable

to what a defendant challenging an erroneous exclusion of evidence must do under K.S.A. 60-405. See 255 Kan. at 880. K.S.A. 60-405 states:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous exclusion of evidence unless it appears of record that the proponent of the evidence either made known the substance of the evidence in a form and by a method approved by the judge, or indicated the substance of the expected evidence by questions indicating the desired answers."

Using this statute as an analogy, the court stated that "[a]bsent some proffer that the defendant had evidence to present in mitigation of the sentence, we fail to find any reversible error." 255 Kan. at 880. The court then pointed to K.S.A. 60-261 which does not allow a trial error to be grounds for reversal unless it can be shown that substantial rights of the defendant were prejudiced. 255 Kan. at 881. K.S.A. 60-261 states:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. *The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.*" (Emphasis added.)

The court then held that this substantial prejudice standard also applies to a denial of allocution, as it does to other areas of criminal procedure. Thus, this court found that the district court erred in violating K.S.A. 22-3424(e)(4) by not providing the defendant with an opportunity to present evidence in mitigation of punishment before the sentence was imposed. However, this error did not justify reversal because the substantial rights of the defendant did not suffer prejudice. 255 Kan. at 881.

In *State v. Hunt,* 257 Kan. at 405, the defendant was denied allocution because the district court did not provide the defendant with an opportunity to present evidence in mitigation of punishment before sentencing, pursuant to K.S.A. 22-3424(e)(4). The defendant appealed, but this court affirmed the sentence. In making

this ruling, this court affirmed the *Borders* substantial prejudice/
reversible error test by stating:

"Here, the defendant does not identify how he was prejudiced by the sentenc-
ing court's failure to ask if he wished to present evidence in mitigation of punish-
ment. The defendant has not made the requisite proffer of the contemplated
evidence, nor does the record show that his substantial rights were prejudiced.
We do not find that the defendant was prejudiced by the court's failure to provide
allocution. The denial of allocution was harmless error." 257 Kan. at 406.

In the case herein, the defendant indicated that he had infor-
mation he would like to present to the court because his second
pro se modification motion requested the court "to set a hearing
date so this matter can be heard and arguments presented for and
against such a Modification of Sentence." However, neither motion
specified what evidence the defendant would have presented at
the sentencing in mitigation of the punishment if he had been given
an opportunity to do so. Further, the defense counsel did not file
an amended motion which included a proffer of the evidence the
defendant desired to present at the sentencing.

On the other hand, the defendant contends that he did not make
such a proffer in his motions to modify because he did not know
how and he did not have an attorney to assist him. Without knowing
what evidence he would have presented at the sentencing in mit-
igation of his punishment if he had been given the opportunity to
do so, the defendant contends that this court cannot find the denial
of allocution was harmless error. According to defense counsel,
there is no way to put the evidence which the defendant desired
to present at the sentencing into the record unless this court re-
mands the case to the district court and gives the defendant an
opportunity to present evidence. The defendant asks the court to
remand the case to the district court with instructions to appoint
counsel and to advise the defendant that he has a right to present
evidence in mitigation of his punishment and to allow the defen-
dant an opportunity to do so. Without such relief, the defendant
claims he has suffered a due process violation and a Sixth Amend-
ment violation.

Nevertheless, the defendant does allege or proffer, via a new
appellate defense counsel, some of the evidence he would have

presented in mitigation of the punishment at the sentencing if he had not been denied allocution. The defendant points to his background of extreme deprivation, his lack of vocational education, his drug addiction, and his amenability to treatment. Further, the defense counsel contends that expert testimony could have been presented in these areas if the defendant had been given an opportunity to do so.

The State contends that even though the defendant proffered evidence in his appellate brief that he would have presented at the sentencing had he not been denied allocution, the allocution issue should still be dismissed as harmless error because the defendant has not suffered substantial prejudice. According to the State, the evidence which the defendant might have presented at the sentencing if he had been given the opportunity would not have had an effect on the sentencing court's ruling. As the State points out, this proffered evidence was already included in the TCF report, which the district court considered when it denied the defendant's sentence modification motions. Thus, the State contends that the denial of allocution is not reversible error because the only evidence proffered which the defendant would have presented at sentencing if he had been given an opportunity has already been considered and rejected by the trial court, through reference to the TCF report, when the court denied the defendant's sentence modification motions. According to the State, no substantial rights of the defendant have been prejudiced.

The district court did rely on the TCF report when it denied the defendant's modification motions. In ruling on the motions, the court stated: "THE COURT considers the facts of the case, the Court's file, all available reports by the professionals to *include that from the staff of the State Reception and Diagnostic Center* [TCF]. . . ." (Emphasis added.) The next question is whether all of the evidence the defendant now proffers as evidence that he would have presented at the sentencing if he not been denied allocution is included in the TCF report. The defendant points to his background of extreme deprivation, his lack of vocational education, his drug addiction, and his amenability to treatment as

evidence which would have been presented in mitigation of punishment if he had been given an opportunity to do so.

The TCF report states, in regard to the defendant's background of extreme deprivation, that the "inmate appears as a young man who has found little of the love, support, or nurturance from his world that he desperately sought after as he was growing up." Both of the defendant's parents abused cocaine. The defendant was raised by his maternal and paternal grandmothers. Further, the defendant and his spouse abused each other. In regards to the defendant's lack of vocational education, the TCF report stated that the defendant did not graduate from high school. The defendant's overall work history included being a janitor, a stock clerk, and unemployed. The defendant's IQ score was low average. With regard to drug abuse and amenability to treatment, the TCF report states that the defendant experiences episodic substance abuse. He began using alcohol at age 16 and became intoxicated almost daily. The defendant's longest abstinence from alcohol has been 2 months. The defendant also began using marijuana at age 17, but he stopping using the drug in 1988. The defendant has never had substance abuse treatment. According to the TCF report, the defendant "has had a problem with the law, job, school, family, or another relationship due to substance abuse. The usage history may include blackouts or other physiological symptoms of early substance dependence." The TCF report recommends an intervention, or programming after treatment, with the focus on lifetime abstinence. The TCF report indicated that "[i]n light of the seriousness of this offense, there is clearly no option seen at this time other than serving an appropriate sentence."

All of the evidence which the defendant now proffers as evidence he would have presented had he not been denied allocution has already been considered by the court in referring to the TCF report when it considered the defendant's motions to modify. The court rejected the evidence as a reason to modify the sentence by denying the defendant's sentence modification motions. Thus, the defendant has not suffered any substantial prejudice, and the denial of allocution was harmless error.

In *State v. Heide*, 249 Kan. 723, 822 P.2d 59 (1991), the district court sentenced the defendant. Then, *after* the sentencing, the court asked the defendant if he would like to address the court regarding sentence mitigation. After hearing the defendant's comments, the district court reaffirmed its earlier sentence. This court remanded the case for resentencing, holding that the defendant was denied allocution because he was not given a opportunity to address the court or present evidence *before* the imposition of the sentence, as 22-3424(e)(4) requires. 249 Kan. at 731.

The *Heide* case seems similar to the case at issue. In *Heide*, the district court did not hear the arguments that the defendant desired to present before the sentence was imposed until after the defendant was already sentenced. The court found that these arguments did not justify a lesser sentence and that it would not have mitigated the defendant's sentence even if it had heard the arguments before sentence was imposed. In the present case, the district court did not consider the evidence which the defendant desired to present before the sentence was imposed until after the defendant was already sentenced and the court was considering the TCF report and ruling on the defendant's motions to modify. At this time, the court found that the evidence was not enough to justify a lesser sentence and denied the defendant's motions to modify.

However, *Heide* is not as applicable as it appears. At the time that *Heide* was decided in 1991, the substantial prejudice/reversible error standard which now applies to the denial of allocution was not clearly enunciated. *Borders*, 255 Kan. 871, which was decided in 1994, was the first case to clarify this standard. Thus, the *Heide* court did not have this standard under which to uphold the sentence. Today, the substantial prejudice/reversible error standard clearly applies to allocution. Under this standard, the defendant's substantial rights were not prejudiced even though the district court did not consider the evidence (through the TCF report when ruling on the modification motions) until after the sentence had already been imposed.

In *State v. Johnson*, 255 Kan. 156, 872 P.2d 247 (1994), the district court sentenced the defendant before it asked the defen-

dant if there was anything he would like to say or any evidence he would like to present. After sentencing the defendant, the court realized that it had forgotten to allow the defendant an opportunity to address the court. Thus, after the sentence had already been imposed, the court allowed the defendant to make a statement. The court then found that nothing the defendant said went to mitigation and reaffirmed its previous sentence. This court found that the district court did not comply with K.S.A. 22-3424(e)(4) because it did not allow the defendant to address the court before the sentence was imposed. 255 Kan. at 159. However, the court found that the defendant had waived allocution, and affirmed the sentence. 255 Kan. at 159-60.

Here, the district court did not comply with K.S.A. 22-3424(e)(4) and denied the defendant allocution because it did not allow the defendant to present evidence in mitigation of punishment before it sentenced the defendant. Later, the court considered the evidence which the defendant would have presented if he had been given an opportunity when the court referred to the TCF report. Even after considering this evidence, the court found that a lesser sentence was not justified. Thus, the court denied the defendant's sentence modification motions. Since the trial court has already considered and rejected the proffered evidence which the defendant would have presented in mitigation of punishment before sentencing was imposed had he not been denied allocution, the defendant's substantial rights did not suffer prejudice and the error was harmless.

" 'Absent an unequivocal recommendation for modification by the [TCF], the court has discretion in modifying sentence and commits no error in refusing modification of sentence absent an abuse of that discretion.' " *State v. Bruce*, 255 Kan. 388, 398, 874 P.2d 1165 (1994) (quoting *State v. Moon*, 15 Kan. App. 2d 4, 10, 801 P.2d 59 [1990], *rev. denied* 248 Kan. 998 [1991]). The defendant was convicted of first-degree murder and aggravated battery. The TCF report recommends an appropriate sentence. The district court sentenced the defendant to the recommended sentence for each count and decided the sentences should run consecutively.

In denying the defendant's motions for sentence modification, the district court stated that it considered the facts of the case, the court's file, all the available reports by the professionals, including the TCF report, the factors set out at K.S.A. 21-4606(b), the statutory law, the defendant's past experience, the needs of the defendant, the seriousness of the defendant's crime, and the public safety. The trial court did not abuse its discretion in summarily denying the defendant's sentence modification motions without a hearing.

Affirmed.