No. 74,557

STATE OF KANSAS, *Appellee*, v. CARLOS MOORE, *Appellant.*
(920 P.2d 431)

Opinion filed July 12, 1996.

*Benjamin C. Wood*, special appellate defender, was on the brief for appellant.

*Kyle G. Smith*, assistant attorney general, and *Carla J. Stovall*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The defendant, Carlos Moore, appealed from the denial of his motion to modify sentence and the sentence imposed after his plea of guilty to a charge of aggravated battery on a law enforcement officer. He contends that he was denied his right to allocution at sentencing and is, therefore, entitled to a new sentencing hearing. We conclude that the defendant waived his right to allocution and affirm.

On May 22, 1993, a disturbance took place at the Lansing Correctional Facility. Officer Mark Avery was killed, and Officer Michael Bidatsch was severely beaten. On August 26, 1993, a complaint was filed against the defendant charging him with first-degree murder in the death of Officer Avery and aggravated battery on a law enforcement officer in the beating of Officer Bidatsch. A grand jury returned an indictment against the defendant on both counts.

Pursuant to a plea agreement, the State amended Count I to a charge of aggravated battery on a law enforcement officer (as to Officer Avery) and dismissed the charge of aggravated battery on a law enforcement officer as to the beating of Bidatsch; the defendant pled guilty to the amended charge of aggravated battery on a law enforcement officer. Based upon his plea, the defendant was

convicted of aggravated battery on a law enforcement officer and sentenced to the maximum of 15 years to life imprisonment.

A criminal defendant has an absolute right to allocution which is not waived by the defendant's silence or arguments of counsel. *State v. Johnson*, 255 Kan. 156, 159, 872 P.2d 247 (1994). K.S.A. 1992 Supp. 22-3424(4)(c), the allocution statute in effect at the time defendant's crime was committed, provided:

"(4) Before imposing sentence the court shall . . . (c) address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf and to present any evidence in mitigation of punishment."

The defendant does not contend that the court did not comply with the allocution statute but asserts that he did not understand. He argues that he was intellectually unable to understand what the court meant when the judge asked him if he wanted to add anything in mitigation of sentence and was, therefore, denied his right to allocution.

In support of his argument, the defendant cites a variety of findings contained in the Department of Corrections' evaluation and classification report. The defendant tested at the low end of the borderline intelligence range. His cognitive skills were determined to be concrete. Two diagnostic tests (MMPI-2 and MCMI) were considered invalid because of the defendant's low borderline verbal comprehension; the report says he definitely misunderstood a large number of items on the tests.

The record establishes that the defendant was represented by competent counsel who made an extensive statement in mitigation at the sentencing hearing. Counsel used the term "mitigation" and asked the court to consider the fact that defendant had no past record for violent crimes and that he was only minimally involved in the beating of the officer. Counsel asked for a downward departure from the sentencing guidelines. Immediately following counsel's statement the court addressed the defendant:

"THE COURT: Is there anything you want to add personally in mitigation of sentence today?
"DEFENDANT: No, sir."

The argument made by the defendant is made for the first time on appeal. Although the defendant filed a motion to modify his sentence and personally appeared before the court with counsel for hearing on his motion to modify, the defendant did not mention his right to allocution. Recently, in *State v. Bowen*, 259 Kan. 798, Syl. ¶ 3, 915 P.2d 120 (1996), we said: "A defendant waives his or her right to allocution if the defendant files a motion to modify which fails to raise the allocution issue or fails to plead with particularity the evidence the defendant would have presented at sentencing had allocution been provided." See *State v. Duke*, 256 Kan. 703, 728, 887 P.2d 110 (1994).

In *Bowen*, the defendant filed two pro se motions to modify sentence, neither of which raised the issue of his right to allocution. The defendant filed the second motion after he had been appointed counsel. Without a hearing, the court denied the motions; the defendant's court-appointed counsel signed his approval of the order denying modification. At sentencing, the court had asked the defendant personally if there was any statement the defendant wished to make; the defendant replied in the negative. But the court did not ask the defendant if the defendant wished to present any evidence in mitigation of his sentence. We concluded that the defendant had been denied allocution. However, because the motions to modify sentence did not raise the issue of allocution, we found that the defendant had waived any objection to the lack of allocution. *State v. Bowen*, 259 Kan. at 805.

In contrast to *Bowen*, the trial court in this case specifically asked the defendant if he wished to add anything "in mitigation of sentence." Moreover, the defendant in this case was personally present at his modification hearing and did not mention his right to allocution, nor did he proffer any evidence he would have presented at allocution. The defendant waived his right to allocution.

Affirmed.