(926 P.2d 242)

No. 73,788

STATE OF KANSAS, *Appellee*, v. JASON M. LUCAS, *Appellant*.

Opinion filed November 8, 1996.

*Kiehl Rathbun*, of Wichita, for the appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., LEWIS, J., and PAUL E. MILLER, District Judge, assigned.

MILLER, J.. On September 16, 1993, appellant Jason M. Lucas pled guilty to two counts of indecent liberties with a child, violations of K.S.A. 1992 Supp. 21-3503. In November of that year, the trial court suspended imposition of sentence for 5 years with certain conditions imposed. Two of the conditions were that appellant was to remain in therapy and that he refrain from possessing or using either alcohol or drugs. Appellant failed to satisfy the conditions imposed and, on August 17, 1994, a hearing was held to revoke the suspension of sentence. At that hearing, the original sentence was imposed, but no record of that hearing is in the record on appeal.

Thereafter, on September 12, 1994, appellant filed a motion to modify his sentence and requested the court to schedule the matter for hearing after receipt of the evaluation and classification report from the Department of Corrections. The court scheduled the matter for hearing on January 23, 1995, at which time appellant appeared by counsel. Because of some discrepancies in information provided by appellant to the original presentence investigator in 1993 and because of comments made by the court at the time of sentencing in August 1994, appellant, through his counsel, sought to present the testimony of witnesses at this hearing. The trial court

denied appellant the opportunity to present evidence, but did allow counsel to proffer what the testimony would be. The hearing was continued until the latter part of February, at which time the parties convened again, with appellant appearing in person and by counsel; the court heard further argument from counsel. Ultimately, the court declined the motion to modify and remanded appellant to the custody of the Department of Corrections.

Appellant complains that by denying him the opportunity to present testimony at the January hearing, the court denied him his right to allocution. We do not agree and affirm the trial court.

As support for his theory that the court erred in denying him the right of allocution, appellant cites *State v. Johnson*, 255 Kan. 156, 872 P.2d 247 (1994); *State v Spencer*, 252 Kan. 186, 843 P.2d 236 (1992); *State v. Heide*, 249 Kan. 723, 822 P.2d 59 (1991); and *State v. Webb*, 242 Kan. 519, 748 P.2d 875 (1988). All of these cases involve defendants who were claiming that the court failed to properly give the opportunity for allocution *prior to the imposition of sentence.*

In Kansas, the right to allocution is supplied by statute. K.S.A. 22-3422 provides a defendant the right to be heard before pronouncement of judgment, and K.S.A. 22-3424(e) requires that *before the court imposes sentence*, it ask the defendant if he or she would like to "make a statement on the defendant's own behalf and to present any evidence in mitigation of punishment." Appellant concedes that he was given adequate opportunity for allocution prior to imposition of sentence and even made a statement at that time. Thus, the cases cited by appellant offer no support for his claim of error. A defendant has no right to allocution at the hearing on a motion to modify his or her sentence.

Further, the law is clear that a criminal defendant has no right to a hearing on a motion to modify sentence and no right to be present at that motion. *State v. Jennings*, 240 Kan. 377, 379, 729 P.2d 454 (1986). A trial court must exercise its sound discretion in

determining whether to grant a hearing. Since appellant had no right to have a hearing, the trial court did not err in not allowing him to present evidence at the motion hearing in this case.

Affirmed.