**Robert D. JOHNSON, Petitioner,**

v.

**State of KANSAS, et al., Respondents.**

No. 96–3444–DES.

United States District Court,
D. Kansas.

May 18, 1999.

Robert D. Johnson, Lansing, KS, petitioner pro se.

Jared S. Maag, Office of Attorney General, Kansas Judicial Center, Topeka, KS, for respondents.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the court on review of Magistrate Judge Walter's Report and Recommendation (Doc. 25) on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed objections to the Report and Recommendation. For the following reasons, the court accepts and adopts the findings and conclusions of the Report and Recommendation.

### I. FACTUAL AND PROCEDURAL HISTORY

The Report and Recommendation summarized the factual and procedural history of this case as follows:

Johnson pled guilty in late 1992 to aggravated criminal sodomy and was sentenced to a term of 15 years to life. *See State v. Johnson,* No. 73,711 & 74,120, slip op. at 2 (Kan. Apr. 19, 1996). Johnson's conviction stems from an alleged relationship he had with a then nine-year old Junction City boy from late 1991 to early 1992. Johnson was a neighbor to and friend of the boy's mother. In August of 1992, the boy's mother notified the police that her son had told her Johnson had been sexually molesting him. Based upon this evi-

dence and further investigation, a six count information was filed. Johnson was alleged to have committed two counts of aggravated criminal sodomy, two counts of attempted aggravated criminal sodomy, one count of indecent liberties with a minor, and one count of aggravated indecent solicitation. These acts were alleged to have occurred between July 1, 1991, and March 1, 1992.

On August 7, 1992, Johnson made his first appearance and was appointed a public defender, Maritza Segarra. After waiving his preliminary hearing on October 1, 1992, Johnson agreed to plead guilty on October 13, 1992, to one count of Aggravated Criminal Sodomy in exchange for the State agreeing to drop the five remaining felony counts. He entered his guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). *See State v. Johnson*, 255 Kan. 156, 157, 872 P.2d 247 (1994). As part of the plea agreement, the State requested a twelve year sentence. The trial court, however, sentenced Johnson to a term of 15 years to life.

Johnson appealed his sentence to the Kansas Supreme Court alleging (1) he was denied an opportunity to speak before sentence was imposed, (2) he was sentenced without the benefit of a mental health evaluation which he had requested, and (3) his sentence of 15 years to life failed to take into consideration his individual characteristics, circumstances, and needs. *Id.* The Supreme Court found no reversible error and affirmed the sentence. *Id.*

Later in 1994, Johnson filed two separate motions. First, Johnson filed a motion pursuant to K.S.A. 60–1507 claiming that he was denied effective assistance of counsel. *See State v. Johnson*, No. 73,711 & 74,120, slip op. at 4 (Kan. Apr. 19, 1996). The District Court of Geary County denied this motion because it found no ineffectiveness. *Id.* In addition, Johnson filed in the same court a pro se motion, later amended with the assistance of counsel, to withdraw his plea. *Id.* at 2. Specifically, Johnson claimed his plea was not voluntarily and intelligently made and was the product of the ineffective assistance of his counsel. *Id.* On October 28, 1994, a hearing on petitioner's motion to withdraw his plea was held. In addition to the two arguments contained in his pleadings, Johnson's appointed counsel argued that Johnson had not been properly arraigned. *Id.* Finding no basis to any of Johnson's claims, the court denied petitioner's motion to withdraw his plea. *Id.* at 3.

Johnson's 60–1507 motion was subsequently argued at a hearing held February 9, 1995. Relying upon the evidence presented at the October 28, 1994, hearing, plaintiff's motion was denied. Johnson sought review of the denial of both motions from the Kansas Supreme Court. The appeals were consolidated and the Supreme Court, in an unpublished per curiam decision, affirmed. *Id.* at 10.

Johnson filed this action on September 19, 1996, alleging "Conviction of not having evidence favorable to the defendants denial of compulsory witnesses favorable to the defendant." [sic] (Doc. 2). Respondents filed a motion to dismiss, and a hearing on the motion to dismiss was held December 14, 1998. At the hearing, Johnson clarified the ground upon which he is seeking habeas relief in this action by stating his claim was one of ineffective assistance of counsel, based upon his counsel's failure to investigate his alibi defense. Following this clarification, respondents withdrew their motion to dismiss and the court ordered respondents to file an answer and return. (Doc. 22). Respondents have now filed their Answer and Return (Doc. 23) and petitioner has filed a Traverse (Doc. 24).

After discussing the relevant case law and the arguments of the petitioner, Magistrate Judge Walter concluded that petitioner was not denied effective assistance

of counsel. Therefore, Magistrate Judge Walter recommended that petitioner's habeas corpus petition be denied.

## II. STANDARD OF REVIEW

The standard for district court review of a magistrate judge's report and recommendation is contained in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(C). Rule 72(b) provides, in relevant part, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b). As stated in the rule, the district court must make a *de novo* determination regarding the portions of the report and recommendation to which objections have been filed. *Id.*

In this case, petitioner has objected to the portion of the Report and Recommendation involving his argument that he had ineffective assistance of counsel based upon the failure to investigate his alibi defense. Therefore, the court will respond to his objections to this portion of the Report and Recommendation and will accept and adopt the findings of the Report and Recommendation on all other aspects.

## III. DISCUSSION

■ To establish a claim of ineffective assistance of counsel after entering a guilty plea, petitioner must show: (1) " 'that counsel's representation fell below an objective standard of reasonableness,' " *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting *Strick-*

*land v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); and (2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. 366. There is a presumption that the attorney's conduct comes within "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Thus, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* Furthermore, when reviewing an attorney's performance, the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

In this case, the petitioner objects to the portion of the Report and Recommendation dealing with his counsel's alleged ineffectiveness for failure to investigate an alibi defense. Petitioner asserts that he was not in the state of Kansas during the time period alleged in the information. In his objections, petitioner outlines his whereabouts for the entire time period alleged in the information. Specifically, petitioner states that he was in Oelwein, Iowa, to work as part of a day labor force from October 29, 1991, through January 16, 1992. However, petitioner does not state for which company he was working at that time, nor does he include any evidence which would support this statement. Furthermore, petitioner asserts that the only time he ever saw the victim was when he moved into the apartment that the victim and his mother vacated on August 4, 1992.[1]

Petitioner's attorney who negotiated the plea agreement, Maritza Segarra, testified at the state evidentiary hearing that petitioner had informed her that he had an

---

1. The court notes that this assertion is in direct conflict with the report of the arresting officer, which petitioner submitted as an attachment to his habeas corpus petition. In that report, the officer wrote that "Mr. John- son stated that he knew the victim for about a year and that he, the victim, used to spend time with him but Mr. Johnson denied ever taking liberties with the child of any type."

alibi defense. However, his alibi did not cover the entire period of time alleged in the information. In fact, Segarra's notes indicated that there was at least a five-month time frame which was not covered by the alibi. Mot. to Withdraw Plea Tr. at 50–51.

The Report and Recommendation specifically noted that petitioner had not alleged an alibi for the time period of October 30, 1991, to January 17, 1992. After reviewing the state court records, the court was unable to find any evidence, testimony, or allegation that the defendant ever informed his counsel that he had an alibi for the entire time period alleged in the information. In fact, the first time petitioner outlined his whereabouts for the entire time period was in his objections to the Report and Recommendation. Thus, the court finds that petitioner's bare allegations at this late stage are insufficient to support his claim of ineffective assistance of counsel. Furthermore, as discussed below, petitioner's current allegations are not supported by the record.

■ As previously stated, the court must review the attorney's performance without the "distorting effects of hindsight" and counsel's conduct must be evaluated "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Although "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," an attorney's "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances." *Id.* at 691, 104 S.Ct. 2052.

■ Here, the record indicates that petitioner never asserted that he had an alibi for the entire time period in his discussions with his attorney. Therefore, the court is unable to conclude that his attorney's decision to forego further investigation of the alibi defense was unreasonable, and the court finds that petitioner has failed to show that his attorney's performance was deficient. As a result, it is unnecessary for the court to determine

whether the petitioner was prejudiced by his attorney's conduct. *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

**IT IS THEREFORE BY THE COURT ORDERED** that the Report and Recommendation (Doc. 25) is accepted and adopted. Petitioner's habeas corpus petition (Doc. 2) is denied.