NOT DESIGNATED FOR PUBLICATION

Nos. 121,177
121,178

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THELMA D. BAILEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed February 14, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and BUSER, JJ.

PER CURIAM: Thelma D. Bailey appeals the denial of her motion for modification of sentence. We granted Bailey's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State does not respond. For the reasons stated in this opinion, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL HISTORY

In May 2017, Bailey pled guilty to one count of distribution of methamphetamine in 16CR2903 and one count of distribution of methamphetamine in 16CR2961. In July

1

2017, the district court granted Bailey's motion for dispositional departure and granted Bailey probation with an underlying controlling prison sentence of 104 months.

Bailey violated her probation and was sanctioned with a three-day quick dip in the county jail. After additional violations, the State moved to revoke Bailey's probation and requested the district court order her to serve her underlying sentences. Bailey stipulated to violating her probation and requested the district court impose an intermediate sanction and allow her to seek drug treatment. The district court denied Bailey's request, revoked her probation, and ordered her to serve her underlying sentences.

Bailey wrote a pro se letter to the court in June 2018 requesting that the district court modify her sentences or grant a downward departure. She argued that a modification was warranted because she was 57 years old and had more than eight years left on her sentence. She followed up on her request in November 2018, making no new arguments. Noting that Bailey's letter was "only a request without any legal argument" the district court summarily denied Bailey's motion on November 15, 2018.

Bailey filed her notice of appeal on January 24, 2019. We retained jurisdiction over the appeal because Bailey was not informed of her right to appeal the denial of her pro se motion. Her cases were consolidated for this appeal.

ANALYSIS

A district court has discretion to deny a motion to modify sentence without a hearing. *State v. Bowen*, 259 Kan. 798, 801-02, 915 P.2d 120 (1996). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Bailey bears the burden of

proving the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Bailey fails to do so here. Her motion to the district court contained no legal argument. Bailey alleged no new reasons that would justify a hearing on the motion. The district court's summary denial of the motion was not based on an error of law or an error of fact and, based on a review of the record, we have no trouble concluding that a reasonable person could agree with the district court's decision to deny Bailey's motion.

Affirmed.