■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE WILLBRIGHT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered November 17, 1975, convicting him of murder in the second degree and kidnapping in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed as to the conviction; judgment reversed as to the sentence, on the law, and case remitted to Criminal Term for resentence in accordance herewith. The major issue raised on this appeal is whether defendant's retained counsel, who participated on his behalf in the plea bargaining which preceded the entry of the plea of guilty, was so inadequate and incompetent in his representation of defendant as to have denied him his constitutional right to the assistance of counsel. Our examination of the record negates defendant's claim and shows that his plea was entered upon the basis of full consultation with his counsel and family and that it was voluntarily, knowingly and intelligently made. For these same reasons, we find no merit in defendant's contention that his plea was coerced. Defendant also contends that, at his sentencing, the allocution requirement of CPL 380.50 was not met. The record of the sentencing shows that defendant was asked by the clerk, prior to his being sentenced, whether he had "any legal cause to show why judgment should not be pronounced against" him, to which his counsel replied: "He has none your Honor." We have held that such an inquiry does not satisfy the statutory requirement (see *People v Pennington,* 47 AD2d

962; *People v Cummings,* 45 AD2d 763). Damiani, J. P., Suozzi, Gulotta and O'Connor, JJ., concur.