(783 P.2d 1320)

No. 62,445

STATE OF KANSAS, *Appellee*, v. MARK JAMES WIELGUS
a/k/a MARK ROBERTS, *Appellant*.

Opinion filed December 29, 1989.

*Benjamin C. Wood*, of Parker, Bigus & Gerstle, P.A., of Overland Park, for the appellant.

*Debra A. Vermillion*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before DAVIS, P.J., GERNON, J., and PAUL W. CLARK, District Judge, assigned.

CLARK, J.: The issue here is whether defendant has a right to make a statement to the court during that portion of a criminal proceeding known as allocution. K.S.A. 22-3422.

The trial court refused defendant's request to make a statement during allocution. We vacate the sentence and remand for re-sentencing consistent with this opinion.

The law controlling the case is found at K.S.A. 22-3424(4). That part pertinent here is this:

"Before imposing sentence the court . . . shall address the defendant personally and ask him if he wishes to make a statement on his own behalf and to present any evidence in mitigation of punishment."

The Supreme Court of Kansas, in *State v. Webb*, 242 Kan. 519, 748 P.2d 875 (1988), discussed the applicable statute in a case where defendant pled guilty and appealed the sentence after his motion to modify was overruled. There was no allocution for defendant. The court ruled that allocution was an absolute statutory right. Webb, however, waived the error by failing to raise it in his motion to modify his sentence. 242 Kan. at 529. The defendant here did not file a motion to modify but, instead,

appealed directly from his sentence. Unlike Webb, he has not waived the error.

When the agreed-to fact of the instant case is applied to the law, we conclude that the defendant was denied his statutory right to allocution. *State v. Webb*; K.S.A. 22-3424(4). Accordingly, we vacate the sentence and remand for further proceedings.