No. 65,952

STATE OF KANSAS, *Appellee,* v. DAVID M. HEIDE, *Appellant.*

(822 P.2d 59)

Opin-ion filed December 6, 1991.

*Benjamin C. Wood,* of Gerstle & Wood, of Overland Park, argued the cause and was on the brief for appellant.

*Thomas J. Bath,* assistant district attorney, argued the cause, and *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This first impression criminal case concerns a defendant's statutory right under K.S.A. 22-3424(4) to address the trial court and to present evidence in mitigation prior to the imposition of sentence. The issue for resolution rests in statutory interpretation.

David M. Heide appeals from the sentence imposed for his convictions after pleas of guilty to one count of kidnapping (K.S.A. 21-3420, a class B felony), one count of aggravated sexual battery (K.S.A. 21-3518, a class D felony), and one count of attempted aggravated burglary (K.S.A. 1990 Supp. 21-3301; K.S.A. 21-3716, a class D felony).

A maximum sentence of life imprisonment has been imposed; consequently, our jurisdiction is under K.S.A. 1990 Supp. 22-3601(b)(1).

We reverse and remand for resentencing.

## Facts

Heide was originally charged with five criminal counts. The

State alleged Heide entered the apartment of a young woman and assaulted her with a table knife. He allegedly grabbed her from behind, placed the knife at her throat, and told her to cooperate or she would be "number 17." Heide took the woman by force from the kitchen area of her apartment to the bedroom, where he sexually assaulted her by fondling her breast. He attempted to place a sheet over her head and then left through the bedroom window. The woman was scratched during the ordeal.

The State alleged, with reference to a second young woman, that at approximately 2:00 a.m., Heide cut a screen to her apartment, slid open a window, and attempted to enter her apartment. The intended victim woke up, called out, "Who's there?" and dialed 911. Heide did not enter the apartment.

After plea negotiations, Heide pled guilty to kidnapping, a class B felony, in exchange for the State reducing the charge from aggravated kidnapping, a class A felony. He also pled guilty to aggravated sexual battery and attempted aggravated burglary in exchange for the State dismissing the charges of aggravated burglary and aggravated assault. The State and Heide agreed to be "open" on the issues of sentence and probation. The trial court accepted Heide's plea.

At the time of the plea, Heide requested the sentencing date be set for 60 days from the date of the plea, rather than the court's typical 30 days. Defense counsel explained he needed additional time for Heide to be examined by a psychiatrist in order to present the examination report to the trial court before sentencing. Defense counsel indicated that he intended to call two additional experts who had been treating Heide. The trial court set the sentencing date for 54 days from the date of the plea. Defense counsel was instructed to provide the State with copies of the reports prior to sentencing. The trial judge advised the parties that he would limit the sentencing hearing to one hour and that they should keep the time limitation in mind.

On the date originally set for the sentencing hearing, the trial court advised Heide and the prosecutor, who had arrived for the sentencing hearing, that Heide's attorney was appearing in federal court. The State moved to revoke Heide's bond. The trial court granted the State's motion and ordered Heide to the custody of

the sheriff pending a further appearance for sentencing. The sentencing hearing was rescheduled.

### The Sentencing Hearing

At the sentencing hearing, the trial judge noted that he had received the presentence investigation report and a number of letters on Heide's behalf.

The trial judge first asked for the State's recommendation. The prosecutor stated that, in accordance with plea negotiations, the parties were open on the issue of sentencing as well as whether probation was to be allowed. The State offered a videotape of both victims, which was played in open court. The prosecutor then addressed the K.S.A. 21-4606(2) factors to be considered by the court in determining the minimum term of imprisonment. The State also discussed and disputed the reports of Heide's experts. The prosecutor stated the State's sentencing recommendation: "I am asking the Court to run a fifteen to life sentence on the kidnap concurrent with a three to ten on the aggravated battery and three to ten consecutive term on the Olathe term consecutive to the fifteen year giving him controlling of fifteen years to life."

The trial court then asked defense counsel for his comments. Defense counsel emphasized Heide's psychological problems. He stressed the doctors' findings that Heide presented a low risk of re-offending if permitted to continue his treatment. Adequate treatment would not be available in prison. However, defense counsel stated: "I don't think today is the day to ask this Court for probation, and I am not going to spend a lot of time doing that, and I understand this is not where this Court is coming from." Instead, defense counsel stated that an 18-year to life sentence was not appropriate and asked the trial court to have compassion and sentence Heide to "something that is appropriate." Defense counsel then stated: "That's all I have, Judge."

At this point in the hearing, the following appears in the record:

"[Defendant's expert]: Your Honor, I don't know if it's appropriate but I was subpoenaed, but I want to address the issue.

"THE COURT: I am sorry, I don't have time. We don't usually work until 12:30 or quarter of one, much less thereafter."

The trial court then addressed Heide and asked if he had any legal reason why judgment, order, and sentence should not be imposed. Heide responded in the negative. The trial court then stated:

"No legal cause being stated and none appearing to the Court, it is the judgment, order and sentence of the Court as to count III for the crime of kidnapping pursuant to K.S.A. 21-3420, 21-3518 and 21-4501(b) it is the judgment, order and sentence of the Court that you be punished by confinement to the custody of the Secretary of· Corrections for a minimum period of fifteen years, a maximum period of life.

"As to count IV for the crime of aggravated sexual battery, pursuant to K.S.A. 21-3518 and pursuant to K.S.A. 21-4501(d) that you be punished by confinement to the Secretary of Corrections for a period of three years, a maximum period of ten years. That sentence will be ordered to run concurrently with sentence imposed in count III.

"To count V for the crime of attempted aggravated burglary, violation of K.S.A. [1990 Supp.] 21-3301, K.S.A. 21-3716 and pursuant to the penalty provisions of K.S.A. 21-4501(d) it is the judgment, order and sentence of the Court that you be punished by confinement to the Secretary of Corrections for a minimum period of three years, a maximum period of ten years.

"As recommended by the state, the sentence imposed in counts V for attempted aggravated burglary will be ordered to run concurrently with the sentence imposed in count III and IV."

The State and the trial court then engaged in the following dialogue:

"MR. BATH: Your honor, if I might, I don't mean to interrupt, but the State's recommendation on the attempted ag burglary was three to ten consec, and you sentenced three to ten concurrent pursuant to my recommendation.

"THE COURT: I thought your recommendation was fifteen to life in count III, three to ten concurrent with that fifteen to life in count IV, and three to ten consec in count V.

"MR. BATH: Yes, I did, and you said the second three to run concurrently.

"THE COURT: My intent to say the sentence in count V ordered to run consecutively to the sentence imposed in counts III and IV. I misspoke. The record should be corrected appropriately."

The trial court discussed the reasoning for its sentence and then addressed the prosecutor, stating: "Mr. Bath—I am going to assume [defense counsel] is not actively seeking probation. Do you have any comments you wish to make not made earlier?"

The prosecutor replied: "[Defense counsel] at one time indicated that the defendant wanted to say something, never proffered that to the Court. I don't know if that's something he decided to withdraw and not pursue.".

The trial court then asked Heide if there were any comments he wished to make. Heide spoke to the court at some length concerning his: (1) remorse, (2) childhood, (3) medication, (4) sexual impulses that are now dormant, (5) ongoing treatment, and (6) need for continued therapy.

The trial court concluded the sentencing hearing, stating:

"The record should reflect that the record takes into account both the past record as reflected by the presentence investigation prepared by Mr. Smith dating back to 1980, that I take into account as well the criteria for the establishment of minimum sentence as contained in K.S.A. 21-4606.

"Commitment is ordered to the Sheriff of Johnson County of the Defendant David Heide for transportation to the Secretary of Corrections' custody to serve the sentence just imposed."

## Defendant's Statutory Right to Make a Statement

Heide argues that the trial court violated his absolute statutory right to make a statement on his own behalf and to present evidence in mitigation of punishment before imposition of sentence. We agree.

Heide requests the case be remanded for resentencing before a different judge.

The State counters that Heide was given ample opportunity to address the trial court before pronouncement of sentence. The trial court asked Heide if there was any legal reason why sentence should not be imposed. Heide failed to offer his statement.

K.S.A. 22-3422 provides:

"When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, or the finding of the court and asked whether he has any legal cause to show why judgment should not be rendered. If none is shown the court shall pronounce judgment against the defendant."

K.S.A. 22-3424(4) states:

"Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement on his own behalf and to present any evidence in mitigation of punishment."

In *State v. Webb*, 242 Kan. 519, 748 P.2d 875 (1988), we discussed a defendant's right to allocution as provided by K.S.A. 22-3422 and the defendant's right to make a statement and present evidence in mitigation of punishment as provided by K.S.A. 22-3424(4). Webb pled guilty to one count of aggravated robbery and one count of aggravated assault on a police officer. At the sentencing hearing, the trial court asked for and received counsel's comments. Defense counsel made an impassioned statement on behalf of Webb, requesting a minimum sentence. Following defense counsel's remarks, the trial court asked, without specifying to whom the question was addressed, if there was any legal reason why sentence should not be imposed. Defense counsel replied there was not. Webb remained silent. The trial court then sentenced Webb. Webb argued on appeal that resentencing was required because the trial court did not ask him personally whether he had anything to say before sentence was imposed, as required by K.S.A. 22-3424(4).

Speaking for the court, Justice Herd first defined allocution:

" 'Allocution' is defined as the '[f]ormality of court's inquiry of prisoner as to whether he has any legal cause to show why judgment should not be pronounced against him on verdict of conviction.' Black's Law Dictionary 70 (5th ed. 1979). Such allocution is provided a criminal defendant under K.S.A. 22-3422. Historically, the term 'allocution' has been applied also to the right to speak at sentencing. Kansas provides a defendant this right under K.S.A. 22-3424(4)." 242 Kan. at 522.

Justice Herd reviewed early Kansas cases, which did not support Webb's argument. However, he noted:

"The above cases were all decided before the legislature implemented, in 1970, K.S.A. 22-3424(4), which supplements the previously discussed K.S.A. 22-3422. The statute clearly states the defendant shall be addressed personally and asked if he would like to make a statement 'on his own behalf.' This mandate distinguishes the present law from those cases which have held statements by counsel to be sufficient.

"K.S.A. 22-3424(4) states clearly the purpose of allocution is to provide an opportunity for the defendant to present any argument in *mitigation* of his sentence in addition to raising claims of error." 242 Kan. at 528.

*Webb* held that K.S.A. 22-3424(4) establishes the defendant's right to allocution, which is not waived by the defendant's silence or by arguments of counsel. However, Webb filed a motion to modify his sentence, which did not mention the denial of his

right to allocution. Therefore, we held that Webb's failure to raise the issue in his motion to modify constituted waiver of his statutory right to allocution. 242 Kan. at 529.

In *State v. Wielgus,* 14 Kan. App. 2d 145, 783 P.2d 1320 (1989), the trial court refused Wielgus' request to make a statement during allocution. Relying on *Webb* and K.S.A. 22-3424(4), the Kansas Court of Appeals vacated Wielgus' sentence. The case was remanded for resentencing. "The defendant in a criminal case has an absolute statutory right to make a statement to the court during that portion of a criminal proceeding known as allocution." 14 Kan. App. 2d 145, Syl.

Neither *Webb* nor *Wielgus* are directly on point. In the case at bar, Heide responded to the trial court's inquiry if there was any legal reason sentence should not be imposed. In *Webb,* the defendant remained silent. The trial court, in the case at bar, did not refuse Heide's request to make a statement as in *Wielgus.* The trial court, however, failed to ask Heide if he wished to make a statement or present evidence in mitigation of punishment.

We must decide whether the trial court's inquiry of Heide as to whether there was any legal reason why sentence should not be imposed satisfied Heide's K.S.A. 22-3424(4) right to make a statement in his own behalf and to present any evidence in mitigation of punishment. There are no Kansas cases directly addressing the issue.

In *State v. Happy,* 94 Wash. 2d 791, 620 P.2d 97 (1980), the trial court asked the defendant if there was any legal cause why sentence should not be imposed. The defendant said no. A Washington statute required the sentencing court, before disposition, to "afford counsel an opportunity to speak" and to "ask the defendant if he wishes to make a statement in his own behalf and to present information in mitigation of punishment." 94 Wash. 2d at 792 n.1. The court held that the above statutory inquiry is much broader than simply asking the defendant whether there was any legal cause why sentence should not be imposed. The Washington Supreme Court held the statute must be followed strictly. Because the statutory right was not satisfied, the sentence was vacated and the case remanded for resentencing. 94 Wash. 2d at 793-94.

Under a similar statute, New York appellate courts have also held that inquiring of a defendant if there was any legal reason sentence should not be imposed failed to satisfy the defendant's statutory right to allocution. *People v. Willbright,* 61 App. Div. 2d 818, 402 N.Y.S.2d 53 (1978).

Before imposing sentence, K.S.A. 22-3424(4) unambiguously requires the court to address the defendant personally and ask if the defendant wishes to make a statement and present evidence in mitigation of punishment. K.S.A. 22-3424(4) is an additional requirement to K.S.A. 22-3422, the traditional allocution statute. Satisfying K.S.A. 22-3422 does not satisfy the requirements of K.S.A. 22-3424(4).

The State asserts that sentence is not imposed when pronounced, but when the defendant is ordered to the custody of the Secretary of Corrections. In the present case, Heide was allowed to address the court following pronouncement of sentence, but before the hearing was concluded and before Heide was ordered to the custody of the Secretary of Corrections. The State argues that deference should be given to the trial judge. If Heide's statement had influenced the trial judge, the judge was free to change the sentence. The State cites no authority for its position.

We endorse the rationale of *United States v. Posner,* 868 F.2d 720 (5th Cir. 1989). In *Posner,* at the sentencing hearing a conversation occurred between defense counsel and the trial judge. After the conversation, the judge passed sentence in open court. Posner was given no opportunity to speak on his behalf before the judge recited the sentence. After the judge passed sentence, Posner stated he needed additional time to put his business affairs in order before surrendering to the marshal. Posner argued on appeal that he was denied his right to allocution under Fed. R. Crim. P. 32(a)(1)(C), which provides in part: *"Before imposing sentence,* the court shall . . . (C) address the defendant *personally* and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of the sentence."* (Emphasis added.) The Court of Appeals observed that Posner spoke only after the judge had recited the sentence. The court stated: "Accordingly, appellant must be granted a resentencing hearing at which the court must give him an opportunity

personally to speak in his own behalf before sentence is once again passed upon him." 868 F.2d at 724.

The trial judge, in *United States v. Navarro-Flores,* 628 F.2d 1178 (9th Cir. 1980), did not address defendant Navarro-Flores personally as to whether defendant wished to make a statement. Navarro-Flores made no attempt to speak on his own behalf. The 9th Circuit Court of Appeals reversed and remanded for resentencing before a different judge. The *Navarro-Flores* court noted that once a judge's mind is made up, it is difficult for the judge to resentence a defendant. " '[B]oth for the judge's sake, and the appearance of justice,' " the Court of Appeals remanded to a different judge for resentencing. 628 F.2d at 1185 (quoting *Mawson v. United States,* 463 F.2d 29, 31 [1st Cir. 1972]).

We hold that K.S.A. 22-3424(4) must be followed before sentence is imposed. Sentence is imposed under K.S.A. 22-3424(4) when pronounced by the trial judge. We vacate the sentence imposed and remand for resentencing before a different judge.

Sentence vacated and case remanded for resentencing.