(927 P.2d 954)
No. 74,920

JUAN SOTO, *Appellant*, v. STATE OF KANSAS, *Appellee*.

—

Opinion filed November 22, 1996.

*Dennis McFall*, of Concordia, for the appellant.

*Rod Ludwig*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., PIERRON, J., and TOM MALONE, District Judge, assigned.

PIERRON, J.: Pursuant to K.S.A. 60-1507, Juan Soto appeals his departure sentence and the district court's failure to properly inform him of his right of allocution.

Soto was charged with one count of first-degree murder, one count of felony murder, and two counts of felony theft. Soto speaks Spanish and has a limited understanding of English. The record reveals the court went to painstaking measures to make sure that Soto understood all pleadings and proceedings. Soto had an interpreter appointed for him on the day the charges were filed, and a majority of the pleadings were duplicated in Spanish. We commend the court for these procedures, which are extremely good practices.

Soto pled no contest to amended charges of one count of reckless second-degree murder, one count of aggravated robbery, and one count of felony theft. The plea agreement states in pertinent part:

"Defendant pleads guilty or no contest to a complaint or information charging reckless second degree murder, aggravated robbery and felony theft. Defendant agrees to a departure sentence of 154 months on the second degree murder charge. Defendant agrees to sentences of 55 months on the aggravated robbery charge and seven months on the felony theft charge. Defendant agrees that all sentences are served consecutively for a controlling sentence of 216 months. The State dismisses all other charges and will not seek a controlling sentence greater than 216 months imprisonment."

Neither party filed a formal departure motion. At sentencing, both parties moved pursuant to the plea agreement to depart from the sentencing guidelines on the convictions of second-degree murder and aggravated robbery. The State did not argue for, nor did the plea agreement indicate, a departure for the felony theft conviction. The State based the motion for departure on the fact that Soto's conduct during the commission of the offense manifested excessive brutality of the victim in a manner not normally present in the offense. Soto's counsel stated that he and defendant agreed to the departure pursuant to the plea agreement.

With regard to Soto's right of allocution, the following occurred:

"MR. LUDWIG [PROSECUTOR]: Your honor, prior to imposing sentence, the State would offer evidence in support of its motion to depart.

"THE COURT: Yes, and I'm not attempting to preclude that, nor allocution. Very well. The Court finds there is no reason why sentence should not now be imposed. Do the defendants wish to make a statement on their own behalf or present evidence in mitigation of sentence?

"DR. GUZMAN [CODEFENDANT'S INTERPRETER]: He says no, he has nothing to say.

"THE COURT: Mr. Dinkel, on behalf of your client, and after the State introduces any additional evidence, do you wish to make any additional statement?

"MR. DINKEL [CODEFENDANT'S ATTORNEY]: We would just ask the Court to impose the sentence that's been agreed upon. I think I mentioned earlier that Mr. Allende certainly didn't intend to kill anyone on this evening, it was a fight that got out of control, and alcohol was involved. I think it was a fight that, to some extent, was provoked by the victim in this case. That's all I have to say.

"THE COURT: Thank you. Mr. Thull, on behalf of your client, does he wish to present evidence or make a statement?

"MR. THULL [SOTO'S ATTORNEY]: My client does not wish to make a statement to the Court, but would like for me to address the Court.

"DEFENDANT SOTO: That's right.

"MR. THULL: May I address the Court?

"THE COURT: Certainly."

Next, the district court recited in open court the aggravating factor utilized to support its upward departure. The applicable sentencing ranges were 68 to 77 months' incarceration for second-degree murder and 46 to 51 months' incarceration for aggravated robbery. The court found the evidence demonstrated Soto's excessive brutality to the victim in a way not normally present in that type of offense. In accordance with the plea agreement, the district court sentenced Soto to consecutive terms of 154 months' incarceration for second-degree murder, 55 months' incarceration for aggravated robbery, and 7 months' incarceration for felony theft.

Soto did not file a direct appeal in this case. Approximately a year after sentencing, he filed a motion for correction of sentence, claiming that his sentence for 154 months' incarceration for second-degree murder exceeded the terms of the applicable sentencing guidelines grid box. The court informed Soto that his claim was in the nature of a proceeding under K.S.A. 60-1507 and he needed to submit his claim on a prescribed form.

On the prescribed form, Soto explained that he did not directly appeal because he was not informed of his right to appeal and he had a limited understanding of English and appellate procedures. Soto claimed his sentences for second-degree murder and aggravated robbery were excessive because they departed upward from the presumptive ranges of the respective crimes. He also claimed

the district court failed to properly advise him of his right of allocution.

On Soto's K.S.A. 60-1507 motion, the district court ruled that the departure sentences were (1) within the sentencing court's authority and (2) in accordance with the sentencing agreement/departure agreement entered between the parties with benefit of interpreters and counsel. The district court also found that the sentencing court did advise Soto that if his case went to trial, he would be entitled to appeal the conviction to a higher court. Soto had indicated he understood this right.

The district court held that informing Soto of the right of allocution was unnecessary for two reasons. First, it stated that the sentencing court entered the recommended sentence and no error could be found since the sentencing court adopted a sentence that was specifically advocated by Soto. Second, Soto waived his right of allocution because he did not object on a timely basis to the sentencing court's failure to afford him the right.

Soto argues that the sentencing guidelines provide strict procedural and substantive requirements in order to accomplish the stated goal of uniformity in sentencing. He contends there are no provisions in the sentencing guidelines that permit an upward departure by agreement of the parties. He insists that the grossly disproportionate sentence he received is not permissible.

A sentence which does not conform to the statutory provisions, either in character or the term of the punishment authorized, is an illegal sentence. Where a prisoner asserts that his or her sentence is illegal, the prisoner may at any time, pursuant to K.S.A. 60-1507, move the court that imposed the sentence to correct or vacate the sentence. See *State v. Scherzer*, 254 Kan. 926, Syl. ¶ 1, 869 P.2d 729 (1994).

The district court did not err in finding that Soto's appeal of his departure sentences was not permissible. The State and Soto entered into a plea agreement, and the terms of the agreement were followed to the letter by the district court. K.S.A. 21-4721(c) expressly prohibits an appeal in this case. It provides:

"(c) On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review:

. . . .
"(2) any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record."

Soto incorrectly argues that the sentencing guidelines do not provide for an upward departure by agreement of the parties. Soto's argument is contrary to the established principles of plea agreements. To facilitate entering a plea agreement, K.S.A. 21-4713 permits the prosecutor to recommend a particular sentence outside of the sentencing range when departure factors exist and are stated on the record. Faced with original charges of first-degree murder and the possibility of life imprisonment, Soto substantially benefitted from the plea negotiations, even with the departure sentence of 154 months for reckless second-degree murder.

It is also important to note that the district court properly followed K.S.A. 21-4718(c) by making findings of fact as to the reasons for the upward departure. K.S.A. 21-4718(c) provides that "[i]n each case in which the court imposes a sentence that deviates from the presumptive sentence, the court shall make findings of fact as to the reasons for departure regardless of whether a hearing is requested." The sentencing court stated on the record that the aggravating factor in this case was the excessive brutality to the victim in a way not normally present in that type of offense.

Next, Soto argues the sentencing court erred by failing to inform him of his right of allocution. He maintains that he should be resentenced and given an opportunity to utilize this right.

As a general rule, trial errors are to be corrected by direct appeal and not by a motion filed pursuant to K.S.A. 60-1507. *Dunlap v. State*, 221 Kan. 268, 269, 559 P.2d 788 (1977). Kansas Supreme Court Rule 183(c) (1995, Kan. Ct. R. Annot. 181), provides in relevant part that a "proceeding under K.S.A. 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal."

The district court that heard Soto's K.S.A. 60-1507 motion did not make the determination of whether the sentencing court failed to inform Soto of his right of allocution. Rather, the district court simply stated that allocution was unnecessary because (1) the sentencing court entered the terms of the plea agreement and (2) Soto

failed to object to a lack of allocution. Contrary to the district court's ruling, K.S.A. 22-3424(e)(4) clearly requires the court to address the defendant personally and "ask the defendant if the defendant wishes to make a statement on the defendant's own behalf and to present any evidence in mitigation of punishment." See *State v. Heide*, 249 Kan. 723, 822 P.2d 59 (1991) (K.S.A. 22-3424[4], now K.S.A. 22-3424[e], unambiguously requires the court to advise the defendant of the right of allocution).

The district court erred in its finding that allocution was unnecessary, but its decision that the sentencing court did not commit reversible error should be upheld nonetheless. "The judgment of a trial court, if correct, is to be upheld even though the court may have relied upon a wrong ground or assigned an erroneous reason for its decision. [Citations omitted.]" *State v. Wilburn*, 249 Kan. 678, 686, 822 P.2d 609 (1991).

The sentencing court clearly asked Soto and the other codefendant whether they wished to make a statement on their own behalf or present evidence in mitigation of sentence. Soto's attorney informed the court that Soto did not wish to make a statement. Then, Soto's attorney stated that he would address the court. Soto replied, "That's right." There was a clear waiver of allocution or an express deferral to the attorney to speak and provide evidence in mitigation of punishment.

The court in *State v. Borders*, 255 Kan. 871, 879 P.2d 620 (1994), recently applied a harmless error analysis to a sentencing court's failure to inform a defendant of the right of allocution. In *Borders*, the defendant was given full opportunity to address the court, but he declined to do so. The defendant argued that he had been denied the opportunity to notify his family of the time of sentencing. The court stated there had never been any assertion that any family member desired to attend the sentencing and that the defendant failed to indicate that he had any evidence that he desired to present in mitigation of his sentence. As a result, the court did not find reversible error. 255 Kan. at 879-80. The court held:

"We believe the requirement of a showing of prejudice to the substantial rights of the defendant is equally applicable to alleged violations of the allocution statute as it is to the many other areas of criminal procedure where prejudice must be

shown to justify a reversal. The defendant here has shown absolutely no prejudice, and while failure to comply with a mandatory statute, such as [K.S.A. 22-3424(e)], is error, [it is] not reversible error unless prejudice to the substantial rights of the defendant is shown." 255 Kan. at 881.

The sentencing court advised Soto of his right of allocution. He either declined or deferred his right. There is no evidence of prejudice rising to the level of reversible error.

Affirmed.