NOT DESIGNATED FOR PUBLICATION

No. 125,399

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOGAN R. NEISWENDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Submitted without oral argument. Opinion filed November 22, 2023. Affirmed.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: As part of a global plea agreement, Logan R. Neiswender pled guilty to one count each of possession with intent to distribute and possession of methamphetamine. Before sentencing, Neiswender moved for a dispositional or durational departure, and he reiterated those arguments during the sentencing hearing. The district court ultimately denied Neiswender's request for dispositional departure but granted his request for durational departure. Neiswender appeals, arguing that the district court erred by not allowing him to exercise his right to allocution before being sentenced. He also argues that the district court abused its discretion by denying his request for

dispositional departure. Our record shows that the district court erred by not allowing Neiswender to exercise his right to allocution before being sentenced, but the error was harmless. Our record also shows that the district court did not abuse its discretion by denying Neiswender's request for dispositional departure. Thus, we affirm Neiswender's sentence.

FACTS

In 2021, the State filed multiple cases against Neiswender. In case No. 21-CR-1132, the State charged Neiswender with one count each of possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia. In another case, No. 21-CR-2345, the State charged Neiswender with one count each of possession with intent to distribute, possession of marijuana, and possession of drug paraphernalia.

As part of a global plea agreement, Neiswender pled guilty to possession of methamphetamine in case 21-CR-1132 and possession with intent to distribute methamphetamine in case 21-CR-2345. In exchange for pleading guilty, the remaining charges in both of those cases were dismissed, and the State also agreed to dismiss another case, No. 21-CR-2287, in its entirety. Under the plea agreement, the parties also agreed to open sentencing.

Before sentencing, Neiswender filed a motion for dispositional or durational departure. In the motion, Neiswender argued that the district court should grant his motion because he had a low criminal history score, had no criminal history before these cases, had accepted responsibility for his crimes by pleading guilty, had no bond violations, maintained a job while out on bond, and had consistently attended outpatient treatment to rectify his drug problem.

2

During the sentencing hearing, Neiswender reiterated many of these arguments and again requested a dispositional or durational departure. The State opposed Neiswender's motion and asked the district court to impose standard sentences in both cases. To support its argument, the State pointed to the weight of the methamphetamine discovered in connection with his possession with intent to distribute methamphetamine charge in case 21-CR-2345. The State also pointed to the number of cases that had been filed against him in a short period of time.

Ultimately, the district court denied Neiswender's motion for dispositional departure but granted his motion for durational departure. In case 21-CR-2345, the district court sentenced Neiswender to 38 months' imprisonment. In case 21-CR-1132, the district court sentenced Neiswender to 11 months' imprisonment. The sentences ran consecutive, for a total sentence of 49 months' imprisonment.

Neiswender timely appeals.

ANALYSIS

*Did the district court violate Neiswender's right to allocution?*

On appeal, Neiswender argues that the district court violated his right to allocution.

Previously, our Supreme Court stated:

> "'Allocution' is defined as the '[f]ormality of court's inquiry of prisoner as to whether he has any legal cause to show why judgment should not be pronounced against him on verdict of conviction.' Black's Law Dictionary 70 (5th ed. 1979). Such allocution is provided a criminal defendant under K.S.A. 22-3422. Historically, the term 'allocution'

3

has been applied also to the right to speak at sentencing. Kansas provides a defendant this right under K.S.A. 22-3424(4)." *State v. Webb*, 242 Kan. 519, 522, 748 P.2d 875 (1988).

Currently, the right to allocution is codified in K.S.A. 2022 Supp. 22-3424(e), which states, in part: "Before imposing sentence the court shall: . . . (4) address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf and to present any evidence in mitigation of punishment."

During the sentencing hearing, the district court asked Neiswender if he wished to make a statement on his behalf, but the district court did so after pronouncing the sentence. Since the district court failed to ask Neiswender if he wished to make a statement before sentencing, the district court erred, which the State acknowledges.

In previous cases, our Supreme Court has applied the harmless error standard to violations of a defendant's right to allocution. See, e.g., *State v. Valladarez*, 288 Kan. 671, 687-89, 206 P.3d 879 (2009); *State v. Bowen*, 259 Kan. 798, 810-11, 915 P.2d 120 (1996); *State v. Hunt*, 257 Kan. 388, 405-06, 894 P.2d 178 (1995); *State v. Borders*, 255 Kan. 871, 881, 879 P.2d 620 (1994). But Neiswender urges this court to not apply the harmless error standard. He argues that K.S.A. 2022 Supp. 22-3424(e)(4) provides two rights: (1) the right to make a statement; and (2) the right to offer evidence in mitigation of punishment. Neiswender agrees that courts should apply the harmless error standard when a district court violates a defendant's right to present mitigating evidence, but he believes that such standard should not apply when a district court violates a defendant's right to make a statement on his or her behalf. He also cites two cases to support his argument: *State v. Heide*, 249 Kan. 723, 822 P.2d 59 (1991), and *State v. Wielgus*, 14 Kan. App. 2d 145, 783 P.2d 1320 (1989).

In *Wielgus*, a panel of this court dealt with a somewhat similar situation. There, the district court refused the defendant's request to make a statement during allocution.

After concluding that the district court erred in doing so, the panel vacated Wielgus' sentence and remanded for resentencing without applying the harmless error analysis. 14 Kan. App. 2d at 145-46.

Similarly, in *Heide*, the district court failed to ask Heide if he wished to make a statement or present any evidence in mitigation of his punishment. After concluding that the district court erred in doing so, our Supreme Court vacated Heide's sentence and remanded for resentencing without applying the harmless error analysis. 249 Kan. at 731.

But both cases were decided before *Borders*. There, our Supreme Court—for the first time—clarified and applied the harmless error standard to the denial of a defendant's right to allocution. See 255 Kan. at 881; see also *Bowen*, 259 Kan. at 810-11 (*Borders* was the first case to clarify substantial prejudice/reversible error standard applies to denial of right to allocution). Since then, our courts have continued to apply the harmless error standard when reviewing a denial of allocution. See *Valladarez*, 288 Kan. at 687-89; *Bowen*, 259 Kan. at 810-11; *Hunt*, 257 Kan. at 405-06. And as the State points out, this court is duty-bound to follow our Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022). Having found no such indication, we will apply the harmless error standard when reviewing Neiswender's claim.

The right to allocution is a statutory right, not a constitutional right. See *State v. Stallings*, 284 Kan. 741, 750-51, 163 P.3d 1232 (2007); *Webb*, 242 Kan. at 529. Where an error implicates a statutory but not a federal constitutional right, the party benefiting from the error must persuade the court that there is no reasonable probability that the error affected the outcome in light of the entire record for it to be deemed harmless. *State v. McCullough*, 293 Kan. 970, 983, 270 P.3d 1142 (2012).

As stated earlier, the district court allowed Neiswender to make a statement on his behalf, albeit after the district court had already pronounced the sentence. When Neiswender did so, the following exchange occurred:

"THE COURT: Okay. Well, I'll be happy to listen to Mr. Neiswender if there's something he wants to tell me.

"DEFENDANT NEISWENDER: I would just think that sending me to prison or jail would not benefit me at all. It would, kind of, probably put me back down in that hole.

"THE COURT: You understand you were originally charged with a crime that would've left you with potentially 98 months in prison. Do you understand that?

"DEFENDANT NEISWENDER: Yes, I do.

"THE COURT: What did you think was going to happen when you're carrying around that much methamphetamine having already been bonded out on another drug charge?

"DEFENDANT NEISWENDER: To be honest with you I was not thinking. I mean, I was on drugs. My head wasn't clear. But I do have a clear head now, and I made my life better and I'm trying to continue that way.

"THE COURT: All right. Well, I think I've given the defendant the benefit of the doubt here by setting this up so that he's not serving any more than the standard range on the offense for possession with intent to distribute. So I'm going to deny the oral request to modify."

Neiswender argues that the district court's error was not harmless because Neiswender "was not given the opportunity to persuade the district court that he was deserving of a departure to probation." The State counters by arguing that the district court's error was harmless because the district court allowed Neiswender to make a statement, albeit after it had already imposed the sentence. The State also argues that the error should be deemed harmless because Neiswender's statements reflected similar arguments made by his counsel that the district court rejected. The State also points out that the district court did not change the sentence it imposed after hearing Neiswender's statements.

6

Even though the district court erred by not allowing Neiswender to make a statement before sentencing, the district court did allow him to make statements on his behalf. Additionally, the statements Neiswender made were nearly identical to the arguments his counsel made when asking the district court to grant Neiswender's motion for dispositional departure, which the district court denied.

Under these circumstances, we deem the error by the district court harmless. The statements provided by Neiswender contained no new information, meaning the district court had previously considered the arguments when rejecting Neiswender's motion for dispositional departure. Thus, there is no reasonable probability that the error affected the outcome in light of the entire record. See *McCullough*, 293 Kan. at 983.

*Did the district court abuse its discretion by partially denying Neiswender's motion for departure?*

In his second issue on appeal, Neiswender argues that the district court abused its discretion by not granting his motion for dispositional departure.

Under K.S.A. 2022 Supp. 21-6815(a), a district court must "impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." When determining whether such reasons exist, a district court may consider—but is not limited to—whether the nonexclusive list of mitigating factors listed in K.S.A. 2022 Supp. 21-6815(c) support granting a departure. Our statutes define mitigating factors as "substantial and compelling reason[s] justifying an exceptional sentence whereby the sentencing court may impose a departure sentence outside of the standard sentencing range for a crime." K.S.A. 2022 Supp. 21-6803(n).

7

Under K.S.A. 2022 Supp. 21-6820(a), a defendant or the State may appeal a departure sentence. On appeal, our review is limited to determining "whether the sentencing court's findings of fact and reasons justifying a departure: (1) [a]re supported by the evidence in the record; and (2) constitute substantial and compelling reasons for departure." K.S.A. 2022 Supp. 21-6820(d).

"Substantial means 'real, not imagined, and of substance, not ephemeral.' And a compelling reason is one that 'forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose.'" *State v. Montgomery*, 314 Kan. 33, 36, 494 P.3d 147 (2021) (quoting *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 [2008]).

This court reviews a district court's denial of a motion for departure for an abuse of discretion. *State v. Galloway*, 316 Kan. 471, 476, 518 P.3d 399 (2022). In *State v. Morley*, 312 Kan. 702, 479 P.3d 928 (2021), our Supreme Court clarified the framework for applying the abuse of discretion standard to review of departure decisions, stating:

> "[A]ppellate review of the departure decision should follow a three-step framework: (1) determine whether the sentencing court's nonstatutory factor can be a mitigating factor as a matter of law under K.S.A. 2019 Supp. 21-6815(c); (2) if it can, then decide whether that nonstatutory factor's existence is supported by the record; and (3) if so, then determine whether the sentencing court acted reasonably when it concluded there was a substantial and compelling reason to depart in a particular case based on that nonstatutory factor by itself or collectively with other statutory or nonstatutory factors cited by the sentencing court.
>
> "... Put differently, the respective inquiries on each analytical step are: (1) whether the determination of a nonstatutory factor was guided by an erroneous legal conclusion; (2) whether substantial competent evidence supported the factual finding that the factor existed, i.e., an error of fact; and (3) whether a reasonable person would have taken the view adopted by the sentencing court. And it is important to emphasize that

8

only the first step involves a legal question, subject to unlimited review." 312 Kan. at 711.

"The remaining two questions are reviewed for abuse of discretion. . . . An abuse of discretion occurs when the lower court's action is '(1) based on an error of fact, (2) based on an error of law, or (3) unreasonable.'" *Montgomery*, 314 Kan. at 37 (quoting *Morley*, 312 Kan. at 710-11). Because Neiswender does not point to any alleged errors of fact or law, the question becomes whether no reasonable person would agree with the district court's decision to deny Neiswender's motion for dispositional departure. See *Galloway*, 316 Kan. at 476-77. As the party asserting the district court abused its discretion, Neiswender bears the burden to demonstrate such abuse. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022). He fails to do so.

As stated earlier, Neiswender moved for dispositional or durational departure before sentencing. Neiswender argued that the district court should grant his motion because he had a low criminal history score, had no criminal history before these charges, accepted responsibility for his crimes by pleading guilty, had no bond violations, maintained a job while out on bond, and had consistently attended outpatient treatment to rectify his drug problem. During sentencing, Neiswender reiterated many of these arguments and again requested a dispositional or durational departure, but the district court granted only Neiswender's motion for durational departure.

In doing so, the district court identified three substantial and compelling reasons for departure when granting the motion for durational departure: (1) Neiswender's acceptance of responsibility; (2) Neiswender's appropriate behavior while on bond; and (3) Neiswender's willingness to obtain treatment. On appeal, Neiswender points to these factors, as well as the other reasons listed in his departure motion, and maintains that the district court abused its discretion in failing to properly consider his other reasons or evidence in support of his dispositional departure sentence. Nevertheless, these other

9

reasons or evidence that Neiswender included in his departure motion are irrelevant to our review in this appeal.

As stated previously, our review of a departure sentence is limited to determining "whether the sentencing court's findings of fact and reasons justifying a departure: (1) [a]re supported by the evidence in the record; and (2) constitute substantial and compelling reasons for departure." K.S.A. 2022 Supp. 21-6820(d). So, it is not this court's function to review and deem factors not relied on by the district court as substantial and compelling reasons, which is what Neiswender asks this court to do here. Because Neiswender's other reasons or evidence cited in his departure motion were not relied on by the district court as substantial and compelling reasons, they are irrelevant and are not substantial competent evidence to justify a departure. Thus, Neiswender's argument fails to explain how the district court abused its discretion.

In sum, the district court relied on three substantial and compelling reasons for departure when granting the motion for durational departure, and neither party disputes those findings. Because our review is limited to assessing the factors relied on by the district court, and not factors the district court did not rely on, Neiswender's argument fails under K.S.A. 2022 Supp. 21-6820(d). Thus, we affirm the sentence imposed by the district court.

Affirmed.