NOT DESIGNATED FOR PUBLICATION

No. 128,188

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JACOB DEREK CHAMPION,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed December 12, 2025. Sentence vacated and case remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and BOLTON FLEMING, JJ.

PER CURIAM: Jacob Derek Champion appeals his sentence for his conviction of offender registration violation, following a prior remand. Champion claims the district court erred by only granting a durational departure to 60 months' imprisonment instead of 24 months' imprisonment as agreed by the parties. He also claims the district court committed reversible error in denying his statutory right to allocution. The State fails to persuade us that the denial of Champion's right to allocution was harmless error. Thus, we vacate Champion's sentence and remand for resentencing.

1

Following a 2003 conviction for indecent liberties with a child, Champion was required to register as a sex offender for 25 years. In June 2022, Champion entered Mirror, Inc., an inpatient treatment facility. Although he registered the facility as his address when he checked in, he failed to update his address when he was released from treatment. As a result, the State charged Champion with one count of felony offender registration violation. Champion agreed to plead guilty to the charge in exchange for the State's recommendation of a downward durational departure to 24 months' imprisonment. Champion was free to argue for a greater durational or dispositional departure.

Before sentencing, Champion moved for a downward durational or dispositional departure. While he argued there were several substantial and compelling reasons supporting his request, he primarily asserted that he had misunderstood his registration requirements and his failure to register was a mistake. He also argued that the harm caused by his violation was low, that he had accepted responsibility by entering his plea, and that community-based programs would better serve his reformation.

At sentencing on May 4, 2023, the district court found that Champion's criminal history score was B. The State opposed Champion's request for a dispositional departure but stuck by its recommendation for a 24-month prison sentence. Champion addressed the district court, expressing his regret and embarrassment for the offense and requesting a departure to probation. The district court noted that the presumptive sentence was nearly 20 years' incarceration but granted Champion a durational departure to 60 months' imprisonment, explaining its belief that any further departure would not be appropriate.

Champion appealed his sentence. Following a joint motion from the parties agreeing that Champion's criminal history score had been miscalculated for sentencing,

this court vacated Champion's sentence and remanded for the district court to resentence him using the correct criminal history score.

At resentencing on August 27, 2024, the district court found that Champion's correct criminal history score was C, changing the presumptive prison sentence from 206 to 228 months' imprisonment to 96 to 107 months' imprisonment. The State again recommended a sentence of 24 months' imprisonment. The district court permitted Champion's counsel to reargue his initial departure motion, asking for a greater departure in light of the correct presumptive sentence. After hearing the arguments of counsel, the district court resentenced Champion to the same departure sentence of 60 months' imprisonment. At no point during the resentencing did the district court ask Champion if he desired to make any statement. Champion timely appealed his sentence.

On appeal, Champion first claims the district court erred by only granting a durational departure to 60 months' imprisonment instead of 24 months' imprisonment as agreed by the parties. Second, he claims the district court committed reversible error in denying his statutory right to allocution. We will address these claims in reverse order.

*Did the district court commit reversible error in denying Champion his statutory right to allocution?*

Champion claims the district court violated his right to allocution under K.S.A. 22-3424(e)(4) when it failed to address him or let him make a statement during his resentencing. The State concedes the error but argues that the district court's omission was harmless. We observe that the district court also failed to allocute under K.S.A. 22-3422 by asking Champion if he had any legal reason not to proceed with sentencing, but Champion does not raise this issue on appeal. An issue not briefed is considered waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Champion concedes that he did not raise this issue during his resentencing. But as Champion observes, the Kansas Supreme Court has held that "a defendant has an absolute right to allocution which is 'not waived by the defendant's silence or by argument of counsel.'" *State v. Bowen*, 259 Kan. 798, 800, 915 P.2d 120 (1996); see *State v. Webb*, 242 Kan. 519, 522-29, 748 P.2d 875 (1988) (giving full historical analysis of allocution). Our Supreme Court has held that a defendant waives the right of allocution if the defendant moves to modify sentence under our prior indeterminate sentencing scheme and fails to raise the allocution issue in such a motion. See, e.g., *Bowen*, at 800-05. But that is not the situation here because Champion was sentenced under the revised sentencing guidelines which do not allow a motion to modify sentence. Thus, the issue is not waived and there is no procedural bar for lack of preservation.

In Kansas, allocution is governed by statute. See K.S.A. 22-3424(e). Whether Champion was denied his right to allocution requires statutory interpretation, a question of law over which this court exercises unlimited review. *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007). If the district court erred by not granting Champion his right to allocution, we review for harmless error. *State v. Salary*, 309 Kan. 479, 487, 437 P.3d 953 (2019). "Under the harmlessness test where an error implicates a statutory right, the party benefiting from the error must persuade the court there is no reasonable probability the error affected the outcome in light of the entire record." 309 Kan. at 487.

K.S.A. 22-3424(e)(4) states that before imposing sentence, a district court must "address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf and to present any evidence in mitigation of punishment." There is no dispute that Champion was not given a chance to make any statement at resentencing. The district court allowed Champion's counsel to reargue his departure motion, and the court addressed Champion personally, but did not offer him a chance to make a statement on his own behalf. The State concedes the error.

4

The State argues that the error was harmless because Champion "addressed the court at his original sentence and presented his mitigating factors at that time." The State reasons that Champion received exactly the same sentence in his original sentencing after he addressed the district court and said everything he wanted to say, so it would have made no difference had Champion repeated his statements at resentencing. The State reminds us of Champion's extensive criminal history which was the main reason the district court imposed the 60-month sentence at the original hearing. The State concludes: "In light of this, there is no reasonable probability that the district court's failure to personally address the defendant affected the outcome in light of the entire record."

We are not so sure. We do not know what updated information Champion would have provided at resentencing had the district court given him a chance to speak. Over 15 months passed between the first and second sentencing hearings, and although Champion was in prison during that time, he could potentially have offered the court more insight why a lesser sentence was warranted. Perhaps we might be more inclined to find harmless error had the district court imposed the plea-negotiated sentence of 24 months' imprisonment. We recognize the district court need not follow plea negotiations. See, e.g., *State v. Byrd*, 203 Kan. 45, 50, 453 P.2d 22 (1969). But before a court imposes a sentence of more than double the plea agreement, it should give the defendant a chance to speak. The burden is on the State to show the error was harmless; Champion need not convince us of anything. *Salary*, 309 Kan. at 487. Given that the district court rejected an agreed durational departure to 24 months' imprisonment, the State fails to show there is no reasonable probability that the error affected the outcome in light of the entire record. Thus, we vacate Champion's sentence and remand for resentencing. In light of this holding, we need not address Champion's other claim that the district court erred by failing to grant a greater durational departure.

Champion asks that his resentencing be before a new judge "to avoid any appearance that a specific sentence is preordained rendering allocution meaningless." Out

5

of an abundance of caution we grant that request. Upon remand, we direct that the case be assigned to a different judge for resentencing. And of course, the State remains bound by the original plea agreement to recommend a sentence of 24-months' imprisonment.

Sentence vacated and case remanded with directions.